592 So.2d 499 (1991)
Yvonne Mackles Prestenbach, wife of/and Thomas PRESTENBACH
v.
LOUISIANA POWER AND LIGHT COMPANY, INC., Arkansas Power and Light Company, Inc., and General Electric Corporation.
No. 91-CA-607.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1991.
Writ Granted with Order March 20, 1992.
Samuel Richard Exnicios, Val Patrick Exnicios, Exnicios & Nungesser, New Orleans, for plaintiffs-appellants.
Eugene G. Taggart, W. Glenn Burns, Nora F. McAlister, Monroe & Lemann, New Orleans, for defendants-appellees.
*500 Before GRISBAUM, WICKER and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal concerns a suit for personal injuries sustained when an electrical transformer exploded. From a judgment which granted the defendants' peremptory exception of no cause of action, the plaintiffs appeal. We amend and, as amended, we affirm.
ISSUES
We are called upon to determine two basic issues:
(1) Whether the trial court erred in granting the defendants' peremptory exception of no cause of action, and
(2) Whether the trial court erred in not affording the plaintiffs an opportunity to amend their Supplemental and Amending Petition pursuant to La.C.C.P. art. 934.
FACTS
On September 2, 1986, an explosion of an electrical transformer occurred at the West Esplanade-North Arnoult Substation owned by defendant, Louisiana Power and Light Company, Inc. (LP & L). The transformer, manufactured by defendant, General Electric Corporation (GE), was owned by defendant, Arkansas Power and Light Company, Inc. (AP & L), and had been leased to LP & L for use at the substation.
As a result of this explosion, clouds of smoke were released. The plaintiff, Yvonne Prestenbach, was in the parking lot of a McDonald's Restaurant adjacent to this substation at the time of this explosion. Mrs. Prestenbach received various injuries from the inhalation of the smoke.
Suit was filed on July 7, 1987, naming LP & L, AP & L, and several others not pertinent to this appeal as defendants. On February 20, 1991, the plaintiffs filed their First Supplemental and Amending Petition, seeking exemplary damages under La.C.C. art. 2315.3. In response to this, LP & L and AP & L filed a peremptory exception of no cause of action. After a hearing, the trial judge granted the defendants' exemption dismissing the plaintiffs' First Supplemental and Amending Petition.
ANALYSISISSUE ONE
The peremptory exception of no cause of action is designed to test the legal sufficiency of a petition. It is to be sustained only where the law affords no remedy to the plaintiff under the allegations of his petition. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). In other words, the exception of no cause of action is triable on the face of the plaintiffs' petition, and it questions whether any legal remedy is available to the plaintiff. Saxena v. Saxena, 518 So.2d 1098 (La.App. 5th Cir.1987). Thus, we must review the plaintiffs' Supplemental and Amending Petition to determine whether it alleges sufficient facts to support a cause of action for exemplary damages.
Under Louisiana law, exemplary damages are not recoverable in civil cases unless specifically authorized by statute. Int'l Harvester Credit Corp. v. Seale, 518 So.2d 1039 (La.1988). However, even where such penalty damages are authorized by statute, that statute must be strictly construed. Id., at 1041.
The plaintiffs assert that they are entitled to exemplary damages under La. C.C. art. 2315.3, which provides:
In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances. As used in this Article, the term hazardous or toxic substances shall not include electricity.
We agree with the trial court that La. C.C. art. 2315.3 is not applicable in this case and that the peremptory exception of no cause of action should have been maintained.
Importantly, the plaintiffs' Supplemental and Amending Petition does not state a cause of action under La.C.C. art. 2315.3 because it fails to show that the defendants were involved in the "storage, handling, or transportation of hazardous or toxic substances." (Emphasis added.) Because La. *501 C.C. art. 2315.3 deals with punitive damages and must be strictly construed, we must look to the general meanings of the underlying terms. As defined by Webster's New Collegiate Dictionary, "storage" refers to "the safe keeping of goods in a depository," "handling" means "to deal with, act on, or dispose of," and "transportation" means "an act, process, or instance of transporting," the latter word meaning "to transfer or convey from one place to another." Because the defendants were engaged in none of these activities, punitive damages under La.C.C. art. 2315.3 are inapplicable. Thus, the maintaining of the peremptory exception of no cause of action and the dismissal of the plaintiffs' First Supplemental and Amending Petition were proper.
ANALYSISISSUE TWO
La.C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
The plaintiffs contend that they should have been provided with an opportunity to amend their petition to remove the grounds of defendants' objection. We disagree.
The purpose of La.C.C. art. 934 is to afford a meritorious plaintiff an opportunity to correct defects in his pleadings. Lyons v. Avondale Shipyards, Inc., 359 So.2d 1348 (La.App. 4th Cir.1978). However, this right to amend is not so absolute as to be permitted when amendment would constitute a vain and useless act. Gibbs Constr. Co. v. Bd. of Supervisors of La. State Univ. and Agric. and Mechanical College, 447 So.2d 90 (La.App. 4th Cir. 1984).
In order for an amendment to be allowed under La.C.C.P. art. 934, there should be some indication that the defective petition can be amended to state a lawful cause of action, and the plaintiff must be able to remove the grounds of the objection. Johnfroe v. Children's Hosp., 537 So.2d 383 (La.App. 4th Cir.1988). Here, the plaintiffs, in their Supplemental and Amending Petition, have stated a claim for exemplary damages under La.C.C. art. 2315.3. Having determined that exemplary damages are inapplicable, we find that there is no indication that the plaintiffs' Supplemental and Amending Petition could be amended to state a lawful cause of action. Thus, the court did not err in not allowing the plaintiffs an opportunity to amend under La.C.C. art. 934.
Furthermore, we find no merit in the plaintiffs' allegation that the trial court erred in its judgment by considering "evidence" in support of the defendants' exception. The record shows that no evidence was introduced at the hearing. However, because La.C.C.P. art. 931 does prohibit the introduction of evidence in support of the objection that the petition fails to state a cause of action, the judgment should be amended and the reference to "evidence" should be deleted.
For the reasons assigned, the judgment of the trial court dated June 14, 1991 is amended in that any reference to the word "evidence" is hereby deleted, and, in all other respects, the trial court's judgment is affirmed. All costs of this appeal are to be assessed against the appellants.
AMENDED, AND AS AMENDED, AFFIRMED.