Michael NAQUIN

v.

**FLUOR DANIEL SERVICES CORPORA-TION, ABC Insurance Company, Union Carbide Corporation, DEF Insurance Company, Hydro Services, Inc., and GHI Insurance Company.**

Civil Action No. 95–310.

United States District Court,
E.D. Louisiana.

July 15, 1996.

John Person, Middleberg, Riddle & Gianna, New Orleans, LA, for Plaintiff.

Glenn Cater, Cater & Willis, New Orleans, LA, for Defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Defendant Fluor Daniel, Inc. ("Fluor Daniel") filed a motion for summary judgment on plaintiff Naquin's punitive damages claims.[1] Naquin timely filed his opposition. After thoroughly reviewing the motion, the memoranda of the parties, the record, and the law, the Court grants the motion for partial summary judgment.

## Background

In December, 1993, plaintiff Naquin was employed by Fluor Daniel as a pipe welder. Union Carbide wanted to lengthen one of the vessels at its Taft plant, and had hired Fluor Daniel to do the work. At some time during the work-day on December 16, 1993, plaintiff began smelling an unusual odor. He reported the strange odor to his supervisor, Fallon Hotard, who allegedly responded that he did not notice the smell. Plaintiff was still concerned, so he sought out a Union Carbide technician to investigate the source of the odor. In due time, the Union Carbide worker came back to where plaintiff's crew was located, and informed them that the they should not have been working around the chemical.

Several members of plaintiff's crew began to feel dizzy and to have chest pains. Eventually the affected workers were brought to the dispensary at the Union Carbide plant. Later, when the workers returned to the job site, plaintiff asked where the smell came from. One of the Fluor Daniel workers al-

legedly pointed to a clear, jelly-like substance on the ground near the vessel and stated that this substance caused the smell. Plaintiff was told that the substance had come from the vessel during hydroblasting.

Plaintiff later filed suit against Fluor Daniel, Union Carbide, and the hydroblasting service. Currently before the Court is a motion filed by Fluor Daniel, seeking summary judgment on plaintiff's punitive damages claims.

## Law and Analysis

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A principal purpose of the rule is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In considering a motion for summary judgment, the Court must examine all the evidence in a light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218 (5th Cir.1986). Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of fact remains or that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the party resisting the motion to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

---

1. Defendant's motion originally asked for summary judgment on both tort and punitive damages claims. However, because plaintiff amended his complaint to specifically claim that an

intentional tort was committed by his employer, defendant asked the Court to treat the instant motion as a motion for partial summary judgment on punitive damages only.

■ Finally, the Court notes that the substantive law determines materiality of facts, and that only facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.* With these standards in mind, the Court now turns to the merits of the motion.

■ In Louisiana, punitive damages may be awarded only when specifically permitted by statute. *Billiot v. B.P. Oil Co.,* 645 So.2d 604, 612 (La.1994); *International Harvester Credit Corp. v. Seale,* 518 So.2d 1039, 1041 (La.1988).[2] Even where such damages are authorized by statute, the statute must be strictly construed. *Id.* Plaintiff Naquin asserts that he is entitled to exemplary damages under La.Civ.Code Art. 2315.3 which provides:

> In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

La.Civ.Code Art. 2315.3. In this case, plaintiff contends that Fluor Daniel "handled" a toxic or hazardous substance.

Plaintiff relies on *Prestenbach v. Louisiana Power and Light Company, Inc.,* 592 So.2d 499 (La.App. 5 Cir.1991) for support of his argument that Fluor Daniel "handled" the toxic or hazardous substance. In *Prestenbach,* the court found that "handling" meant "to deal with, act on, or dispose of ..." *Id.* at 501. Plaintiff argues that Fluor Daniel's supervisor was "dealing with" the toxic or hazardous substance when he ordered plaintiff and the crew back to work in the area where the hydroblasting had taken place and where the substance was located. Plaintiff's interpretation of the statute is overly broad.

The statute is clearly directed to those persons in whose care the hazardous or toxic substance rests. Therefore, "handling" necessarily encompasses some element of physical control over the substance. To hold otherwise would unduly broaden the reach of a statute which is to be strictly construed. See, e.g., *International Harvester Credit Corp. v. Seale, supra.* In this case, the Fluor Daniel supervisor did not exercise any physical control over the allegedly toxic or hazardous substance. Accordingly, the Court must find that Fluor Daniel did not "handle" any toxic or hazardous substance, and grant the motion for summary judgment on the punitive damages claims.

For the reasons above,

**IT IS ORDERED** that defendant Fluor Daniel's motion for partial summary judgment is **GRANTED.**

---

2. The Court notes that the worker's compensation statute does not prohibit plaintiff from seeking punitive damages. See La.R.S. 23:1032(A)(1)(a). This statute was amended in 1995 to specifically provide that, in the worker's compensation scheme, punitive damages were not recoverable. However, the amendment is expressly prospective only. See Acts 1995, No. 432 § 2. Therefore, employees injured by their employer's wanton and reckless disregard for the public safety in the handling of hazardous material before the statute's effective date may recover against their employer exemplary damages pursuant to La.Civ.Code Art. 2315.3. As the instant incident occurred before the effective date of the statute, plaintiff is not statutorily barred from seeking punitive damages.