647 So.2d 493 (1994)
Ronald WAGONER, Plaintiff-Appellant,
v.
Walter DYSON, et al., Defendants-Appellee.
No. 94-728.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
*494 Richard Lynn Ducote, New Orleans, for Ronald Wagoner.
Brad Haight, Lafayette, for Walter Dyson, et al.
James Isaac Funderburk, Abbeville, for Vermilion Parish Sheriff Dept.
Melvin Alan Eiden, Lafayette, for Audubon Ins.
James L. Pate, Lafayette, for Parish of Vermilion.
Before YELVERTON, THIBODEAUX and PETERS, JJ.
PETERS, Judge.
This appeal arises out of a suit filed by Ronald D. Wagoner and his wife, Carolyn Rae Wagoner, to recover damages individually, and as administrators of the estates of their minor children, resulting from the alleged sexual molestation of their minor children by Walter Dyson. The acts of sexual molestation are alleged to have occurred at a hunting camp located on Pecan Island in Vermilion Parish, Louisiana, between July 1, 1991, and July 4, 1991. Named as defendants in the suit were Dyson; the Vermilion Parish Police Jury (listed in the petition as the Parish of Vermilion); Raywood LeMaire, the Sheriff of Vermilion Parish; and their respective insurance companies. The Wagoners appeal the granting of an exception of no cause of action, an exception of prescription, and a summary judgment in favor of Sheriff LeMaire by the trial court.

FACTS
The Wagoners are the parents of two minor sons, E.W., born July 1, 1979, and T.W., born July 12, 1982. Their petition alleges that on July 1, 1991, their two sons were invited camping by their neighbor, Walter Dyson, whom they allege to be a deputy sheriff of the Vermilion Parish Sheriff's Office. According to the pleadings, Dyson sexually abused and molested both children during the camping trip. When the boys were returned to their home on July 4, 1991, the youngest child informed the parents of the events of the weekend and the proper authorities were notified. As a result of the complaint, Dyson was subsequently indicted by a grand jury for six counts of molestation of a juvenile. Four counts were later dismissed and Dyson pled guilty to the remaining two on January 15, 1993.
Suit was first filed in St. James Parish on June 30, 1992, against the same defendants. Service of process on Sheriff LeMaire was accomplished on July 6, 1992. Sheriff LeMaire and the Vermilion Parish Police Jury filed exceptions of improper venue which were granted by the trial court on September 21, 1992. Judgment to that effect was signed on September 23, 1992, and after appeal, was affirmed by the Fifth Circuit Court of Appeal. Wagoner v. Dyson, 618 So.2d 432 (La.App. 5th Cir.), writ denied, 623 So.2d 1306 (La.1993). On the same day as the *495 hearing on the exceptions in St. James Parish, the Wagoners filed this suit in Vermilion Parish.
In their petition, the Wagoners contend damages are due them under a number of different theories, including:
 Recovery on behalf of their minor children for the childrens' physical, emotional, psychological, educational, and sexual harm as a result of the molestation and for related future expenses;
 Recovery individually for their physical, emotional, and psychological harm suffered as a result of seeing the effects of the molestation upon their children;
 Recovery individually for all expenses and costs directly related to and caused by the molestation of the children; and,
 Compensatory and punitive damages for violation of the plaintiffs' civil rights pursuant to 42 U.S.C. 1983, and attorney fees pursuant to 42 U.S.C. 1988.
Sheriff LeMaire responded to the petition by filing a motion for summary judgment as well as peremptory exceptions of no cause of action, no right of action, and prescription. After a hearing on January 3, 1994, the trial court granted Sheriff LeMaire's exception of no cause of action. The trial court also granted the Sheriff's exception of prescription as to acts of molestation occurring prior to July 3, 1991 and granted parts of a motion for summary judgment. The plaintiffs are appealing the trial court's rulings.

MOTION FOR SUMMARY JUDGMENT
In their petition the Wagoners allege that Walter Dyson was a deputy sheriff for the Parish of Vermilion in July of 1991 and he used that position to gain their trust and confidence. They specifically contend they would not have let their children go camping with Dyson had they not thought he was a deputy sheriff. Because of Dyson's employment status, the Wagoners contend Sheriff LeMaire is vicariously liable for the torts committed by his employee while in the course and scope of his employment. Additionally, the Wagoners allege that Sheriff LeMaire is independently negligent in,
 Employing or commissioning Walter Dyson as a Deputy Sheriff without conducting a proper background and psychological investigation.
 Employing or commissioning Walter Dyson as a Deputy Sheriff when they [sic] knew or should have known that he posed a danger to children in that capacity.
 Failing to supervise the actions of Walter Dyson.
The sheriff filed a motion for summary judgment contending Walter Dyson was not a deputy sheriff of Vermilion Parish in July of 1991, and therefore was not in the course and scope of employment at the time the molestation occurred; that Dyson had never been issued any equipment by the Vermilion Parish Sheriff's office; and that Sheriff LeMaire was not guilty of any independent negligence. Additionally, in the motion, Sheriff LeMaire contends the plaintiffs cannot assert a claim under "the Rayne State Hospital doctrine."
The trial judge granted the summary judgment in favor of the sheriff on the issues of Dyson's status as a Vermilion Parish deputy sheriff, as to the sheriff's vicarious liability for the acts of Dyson, and on the issue of the sheriff's independent negligence for the hiring of Dyson. However, the trial court denied the motion for summary judgment on the plaintiffs' claim under Louisiana Civil Code article 2315.6. (Referred to in the judgment as the "Rayne Branch Hospital claim").
A motion for summary judgment is properly granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits establish there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. Potter v. First Federal Savings and Loan of Scotlandville, 615 So.2d 318 (La.1993) and La.Code Civ.P. art. 966(A). For the purposes of a summary judgment, a fact is considered material if its existence or nonexistence is essential to the plaintiff's theory of recovery. Potter, supra. The burden of proving there is no genuine issue of material fact rests with the mover. Consequently, those pleadings, documents, and affidavits submitted by the mover will be scrutinized closely and any inferences to be *496 drawn therefrom will be construed in a light most favorable to the party opposing the motion. Id. See also Hopkins v. Sovereign Fire & Casualty Insurance Company, 626 So.2d 880 (La.App. 3d Cir.1993), writs denied, 94-0154 (La. 3/11/94); 634 So.2d 390 and 93-2958 (La. 3/11/94); 634 So.2d 402. Any doubt is resolved in favor of a trial on the merits. Durrett v. Scott Truck and Tractor, 614 So.2d 1379 (La.App. 3d Cir.), writ denied, 617 So.2d 915 (La.1993).
The uncontroverted evidence in this case is that Dyson never applied for a position with the Vermilion Parish Sheriff's office; he never took a physical to be employed; he never took an oath of office or posted a bond as required by Louisiana Revised Statutes 33:1433; he never attended the police academy; he was never certified with firearms; he was never issued a uniform, equipment, or vehicle by the sheriff's office; he was never placed on the payroll or received any type of compensation; he never received hospitalization coverage; and he never accumulated retirement benefits. The only connection Dyson had to the Vermilion Parish Sheriff's office is that he was commissioned a "Special Deputy Sheriff" and issued an identification card to that effect to authorize him to carry a concealed weapon. That act alone did not create an employment status. In this case, as to all claims except those under 42 U.S.C. 1983 and 42 U.S.C. 1988, it is essential to the plaintiffs' claim against Sheriff LeMaire to establish that Dyson was in fact a deputy sheriff commissioned by LeMaire. The trial judge granted the summary judgment on this issue dismissing the plaintiffs' claim against Sheriff LeMaire for both vicarious liability and independent negligence and we find no error in that ruling.
Having found no error in the trial court's ruling on the issue of vicarious liability and independent negligence of Sheriff LeMaire, we must turn to the question of the sheriff's liability under Louisiana Civil Code article 2315.6. The trial court denied Sheriff LeMaire relief in his motion for summary judgment on this issue, but sustained Sheriff LeMaire's exception of no cause of action on the same issue. The conflicting decisions require no additional analysis by this court because we have affirmed the trial court's determination that Sheriff LeMaire was neither vicariously liable nor independently negligent.
The denial of a motion for summary judgment is not a final judgment and therefore is not appealable. La.Code Civ.P. art. 968. However, we may render any judgment which we consider "just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. The record as it stands after affirming the trial court's determination of employment status and vicarious liability precludes the parents' claim against Sheriff LeMaire for civil damages under Louisiana Civil Code article 2315.6, and we notice on our own motion that no cause of action exists for that claim and grant relief herein. La. Code Civ.P. art. 927.
The purpose of a peremptory exception of no cause of action is to test the legal sufficiency of a petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). No evidence is introduced on the matter but all well-pleaded allegations of fact in a petition are to be accepted as true. Williams v. Hattan, 594 So.2d 977 (La.App. 3d Cir.), writ denied, 600 So.2d 606 (La.1992). The exception of no cause of action should be granted when it is clearly shown on review that, based on the well-pleaded allegations of fact in the petition, the law affords no remedy for the grievances alleged and under the circumstances alleged. Id. In this case, the remaining well-pleaded allegations of fact, even if accepted as true, state no cause of action for the claim under Louisiana Civil Code article 2315.6 as it is based upon the existence of an employment relationship between Sheriff LeMaire and Dyson. Finding no employment relationship, we must conclude that the plaintiffs' claim under that article cannot be maintained.

PRESCRIPTION
Delictual actions are subject to a one year prescriptive period which "commences to run from the day injury or damage is sustained." La.Civ.Code art. 3492. The *497 plaintiffs contend the alleged acts of molestation occurred several times over a three day period from July 1, 1991, to July 4, 1991. The plaintiffs filed suit in St. James Parish on June 30, 1992, which was clearly within the one year period. However, St. James Parish was determined to be a parish of improper venue by judgment rendered September 21, 1992. Louisiana Civil Code article 3462 addresses such a situation and provides, "If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." Therefore, in order for the St. James Parish suit to have interrupted prescription, we must find that Sheriff LeMaire was served by process within the prescriptive period.
The computation of a prescriptive period is set forth in Louisiana Civil Code article 3454 which reads as follows:
In computing a prescriptive period, the day that marks the commencement of prescription is not counted. Prescription accrues upon the expiration of the last day of the prescriptive period, and if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday.
See also La.Code Civ.P. art. 5059. Saturdays and Sundays as well as the Fourth of July are legal holidays. La.R.S. 1:55. In the present case, Sheriff LeMaire was served in the St. James Parish action on Monday, July 6, 1992. Therefore, prescription had not accrued as to any claim arising on or after July 3, 1991, as the trial court correctly concluded. However, we cannot agree with the trial court's conclusion that causes of action arising from July 1, 1991, through July 2, 1991, have prescribed.
The issue before this court was recently addressed by the Louisiana Supreme Court in Wimberly v. Gatch, 93-2361 (La. 4/11/94); 635 So.2d 206. In Wimberly, the Supreme Court held that in a suit for damages arising out of the sexual abuse of a minor child by another, prescription does not commence to run until the parents (or proper party plaintiff) have knowledge of the facts surrounding the abuse. In that case, a young boy was molested by his neighbor over a period of three years. On April 25, 1988, the boy informed his parents of a single incident of oral sex which had occurred over the weekend of April 22-24, 1988. The parents filed suit on April 21, 1989, alleging sexual molestation over a period of months and years. The trial court sustained an exception of prescription as to all acts of molestation occurring more than a year prior to April 21, 1988. The Second Circuit Court of Appeal affirmed the trial court's decision. The Supreme Court reversed applying the equitable principles of contra non valentem:
Thus, for reasons external to their own will, the proper party plaintiffs did not discover Russell's intentionally tortious conduct. Due to two normal behavioral reactions of a sexually abused child to the sexual abuse, secrecy and delayed disclosure, Brandon's parents were effectually prevented from pursuing both his and their own claims for damages against defendants. The law does not impute Brandon's parents with the knowledge held by their sexually abused minor child. Public policy enjoins legal fictions like imputation of knowledge from operating to assist a child molester in escaping liability for his intentional wrongs. That mechanism was confected to achieve justice, not inhibit it. As their actual lack of knowledge and their failure to discover the abuse were both direct results of Russell's intentionally tortious conduct, a combination of the principles behind the third and fourth categories of contra non valentum, suspended prescription from running on their claims until Brandon disclosed the abusive acts.

Id. at 216.
The parents of the two molested children in this case became aware of the abuse on July 4, 1991, and following the rationale of Wimberly, prescription began to run at that time. The St. James Parish suit was timely filed within the prescriptive period, but in a parish of improper venue. However, Sheriff LeMaire was served prior to the running of prescription and, therefore, that service interrupted prescription. Consequently, the action filed in the parish of proper venue was timely filed, and as such, we reverse the trial *498 court's judgment granting the exception of prescription.

NO CAUSE OF ACTION
The exceptions of no cause and no right of action filed by Sheriff LeMaire addressed the right of recovery of personal damages by the Wagoners for having seen the effects of the molestation upon their children. The exception of no right of action was not considered by the court and is not now before us. Additionally, we have already recognized that no cause of action exists against Sheriff LeMaire for civil damages under Louisiana Civil Code article 2315.6 in our discussion of the trial court's ruling on the motion for summary judgment. Therefore, we need not consider this issue further.

CONCLUSION
For these reasons, the judgment of the trial court on the motion for summary judgment finding that Walter Dyson was not an employee of the Vermilion Parish Sheriff's office, and that Sheriff LeMaire is neither vicariously liable or independently negligent as the employer of Walter Dyson is affirmed. The judgment of the trial court granting the exception of prescription is reversed and set aside. This court finds it unnecessary to consider the judgment of the trial court granting the exception of no cause of action because it notices and grants an exception of no cause of action for other reasons as to the plaintiffs' claim for damages under Louisiana Civil Code article 2315.6. The petition of the plaintiffs insofar as it relates to those claims under 42 U.S.C. 1983 and 42 U.S.C. 1988 against Raywood LeMaire, Sheriff of Vermilion Parish, is remanded to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
YELVERTON, J., concurs and gives reasons.
YELVERTON, Judge, concurring.
I agree, and concur merely to explain why summary judgment is also appropriate on the subject of the sheriff's independent negligence. The summary judgment evidence eliminates any genuine issue of material fact as to whether the sheriff violated a duty when he failed to do a background check before his appointment of Dyson. Exhibits put in the record by the plaintiffs themselves are exhibits which purport to show what a background check of Dyson would have revealed. The two documents in that exhibit fall far short of putting anybody on notice that Dyson was a child molester. The first document, from the West Baton Rouge Parish School Board, says merely that 28 years ago Dyson was not allowed to continue teaching at Brusley High School because he failed to get his teaching certificate. The other, a 1986 letter from Dyson to the superintendent of the Iberville Parish School Board, simply indicated that Dyson was thinking about going back to teaching. Inasmuch as plaintiff's own exhibit was offered to show what a background check of Dyson would have revealed, the failure of the sheriff to do a background check in this case could not possibly have been a cause in fact of the harm.