Dear Chief English:
You advise this office that you are the appointed chief of police for the Village of McNary, that you hold a commission from the Rapides Parish Sheriff as a reserve deputy sheriff, and that you are P.O.S.T. certified. Because a reserve deputy sheriff has the same law enforcement authority as a full-time, paid deputy sheriff, you ask this office to advise if you may exercise the law enforcement authority of a full-time deputy sheriff during the hours you are on-duty as the Village's appointed chief of police.
For the following reasons, more fully explained below, it is the opinion of this office that your law enforcement authority as the appointed chief of police is limited to the territorial jurisdiction of the municipality, and in order to be vested with police powers outside your jurisdiction while on-duty as chief, you must obtain a special commission from the sheriff as provided in La.R.S. 33:1435.1. It is our further opinion that your ability to exercise the parish-wide law enforcement authority granted to you under the terms of this special commission may be restricted by ordinance of the board of alderman, and/or at the mayor's direction, as by law you are subject to the mayor's supervision.
As the appointed chief of police for the Village of McNary, you have general responsibility for law enforcement in the municipality. Within the territorial limits of the municipality, you are "charged with the enforcement of all ordinances . . . and all applicable state laws."[1] Within municipal limits, you have the authority to *Page 2 
enforce ordinances providing a penal sanction, which may include a parish ordinance providing a penal sanction.[2] You are also authorized to enforce state traffic laws on state and interstate highways within the territorial limits of the municipality.[3]
While as a municipal police officer your law enforcement authority is limited to the geographic area within the municipality, an exception exists in those circumstances involving "close pursuit." For example, a municipal police officer in close pursuit may pursue a traffic violator beyond his territorial jurisdiction when the traffic violation occurs in the presence of that police officer.[4]
A reserve deputy sheriff and a full-time paid deputy sheriff both receive their commissions from the sheriff under authority of La.R.S. 33:1433(A)(1), which authorizes the sheriff to appoint "as many deputies as necessary." All deputy sheriffs, holding paid or reserve status, are required by law to take the oath of office and post bond before commencing the discharge of their duties.[5] A reserve deputy sheriff, like a full-time and paid deputy sheriff, must obtain peace officers standards and training (P.O.S.T.) certification in order to exercise the law enforcement authority of a peace officer.[6]
This office has on several occasions concluded that a reserve deputy sheriff who has taken the oath of office and posted the required bond exercises the same *Page 3 
authority as a paid deputy sheriff.[7] However, we cannot interpret La.R.S. 33:1433 to mean that a reserve deputy sheriffs commission vests in a municipal police officer the full territorial jurisdiction and law enforcement authority of a deputy sheriff while performing duties as a municipal police officer, permitting him to exercise law enforcement authority outside his jurisdiction, when the statute does not so provide.
Our interpretation of the law is supported by the provisions of La.R.S. 33:1435.1. Here, the legislature has granted to the parish sheriffs the authority to issue a special type of commission to a municipal police officer, specifically vesting that officer with police power outside municipal limits while still acting in his capacity as a municipal police officer. La.R.S. 33:1435.1 provides:
1435.1. Sheriffs commissions for municipal law enforcement officers; issuance
A. Notwithstanding any other provision of law to the contrary, the sheriff of each parish may issue to a municipal policeman a sheriffs commission permitting such officer to have parish-wide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shall designate. Application for such commission shall be made only by the chief law enforcement officer of a municipality or other political subdivision. A sheriff's commission may empower a local or municipal law enforcement officer to enforce any state law throughout the parish or may be limited in such a manner as the sheriff shall determine. Such power may include the authority to arrest law violators both with and without a warrant or may be for the limited purpose of permitting such officer to enforce certain designated state or local laws or perform only those functions designated by the sheriff, and he may determine whether or not the officer shall be permitted to carry a handgun.
In those cases where the sheriff issues a special commission under La.R.S. 33:1435.1, liability has been assigned by the legislature to remain with the municipality which originally employs the officer. La.R.S. 33:1435.1 (B) provides: *Page 4 
B. Municipal policemen, commissioned as herein provided, shall not be considered a deputy for any other purpose, and shall be treated for all purposes as a municipal policeman when acting pursuant to said commission; and any bond, insurance coverage, or professional liability for any municipal policeman commissioned hereunder shall be paid by the municipality for which he is a municipal policeman.
[Emphasis added.]
Under La.R.S. 33:1435.1, the terms of this special commission may allow "such officer to have parish wide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shall designate." In other words, the law enforcement powers of the officer may be limited or expanded at the sheriff's discretion; this discretion also controls what specific functions that officer is to have.[8] The sheriff may specify the terms of the special commission to "extend full police power to the commissioned officer, or be limited as the [sheriff] sees fit."[9]
Nevertheless, even when acting under the authority of this special commission, the officer is acting in his capacity as a municipal police officer, not a deputy sheriff.
In prior opinions, this office has concluded that a full-time municipal police officer may also hold part-time appointive office as a deputy sheriff, where the individual is not required tofulfill the duties of both positions at the same time.[10] This office has also advised that while a chief of police could also serve as deputy sheriff, "the line between compatible and incompatible offices is a tenuous one . . . there can be no conflict in duties because the person in question must serve in only onecapacity at one time, either as a chief of police or deputysheriff."[11]
Our opinion here should not be interpreted to mean that you at any time relinquish the law enforcement authority granted to you under the terms of your reserve deputy commission. However, when you exercise the law enforcement authority of a deputy sheriff while on-duty as the appointed chief of police (and in the absence of a special commission), the line is blurred regarding which law enforcement agency is liable for your tortious conduct. Because La.C.C.P. Art. 331 provides "the sheriff is responsible for the performance or nonperformance of their official duties by his deputies and other employees," the sheriff is *Page 5 
responsible for the official acts of a reserve deputy sheriff to the same extent as any other deputy.[12]
It is the opinion of this office that there should be no question as to which law enforcement capacity you are acting in, meaning that you act on behalf of the municipality as the appointed chief of police, or you act on behalf of the sheriff as a reserve deputy sheriff. You cannot do both at the same time. In order to clearly act on behalf of the municipality as the appointed chief of policeand at the same time exercise the parish-wide or lesser law enforcement authority of a deputy sheriff, it is our opinion that you must obtain a special commission from the sheriff under La.R.S. 33:1435.1 and exercise such expanded authority as a municipal police officer. This type of special commission eliminates any doubt as to which law enforcement agency you act for, as La.R.S. 33:1435.1 states "municipal policemen . . . shall be treated for all purposes as a municipal policeman when acting pursuant to said commission." Further, this type of special commission would also eliminate any doubt as to what law enforcement authority you possess outside the Village.[13]
Please note that the sheriff is the chief law enforcement officer for the parish.[14] All deputy sheriffs are subject to the sheriff's direction and supervision, and any law enforcement authority outside the Village granted to you by the sheriff under any type of commission may be recalled or modified by him at any time.[15]
It is our further opinion that the Mayor and the Board of Aldermen for the Village of McNary may act to limit your ability to exercise the law enforcement authority granted to you by the terms of a special commission. The provisions of La.R.S. 33:381 (20)(a), (b), and (c) are specific to the Village of McNary. Therein, your duties as the appointed chief of police "shall be established by ordinance."[16] *Page 6 
This statute goes on to provide that, in the Village of McNary, "the mayor shall supervise and direct the administration of the office of the chief of police in accordance with such ordinances, and thechief of police shall report directly to the mayor."[17]
In the Town of Cheneyville, as in the Village of McNary, the chief of police serves in an appointed capacity. The statutory provisions governing the Town of Cheneyville relative to the town's appointed chief of police are identical to those governing the Village of McNary, in that the chiefs duties are also established by ordinance, and the chief is also subject to the supervision of the mayor.[18]
In a previous opinion, this office advised that, in the Town of Cheneyville, "[the mayor] can devise and place into effect the policies and procedures to be followed by the police department personnel including the chief."[19] This office further concluded that "the mayor may set the work schedules of the police department personnel, and can mandate a specific work schedule for the chiefwho is mandated to report directly to the mayor . . ." We advise that this analysis is applicable here, meaning that your exercise of law enforcement authority under a special commission must be consistent with the work schedule set for you by the mayor.
As already noted, your duties and responsibilities as appointed chief of police for the Village of McNary are established by ordinance. It is our opinion that your ability to exercise any law enforcement authority granted under a special commission may be restricted by act of the board of aldermen, as the board may enact an ordinance requiring you to exercise your law enforcement activities within the territorial limits of the municipality while you are on-duty as municipal police chief.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: ________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] See La.R.S. 33:423.
[2] See La.C.Cr.P. Arts. 211(A)(1), 213(1), and 933; seealso La. Atty. Gen. Op. 93-761.
[3] La.R.S. 32:5(A) is found within the provisions of the Louisiana Highway Regulatory Act and provides:
A. All law enforcement officers of this state or of any political subdivision thereof invested by law with authority to direct, control, or regulate traffic are authorized to enforce the provisions of this Chapter and regulations of the department and the commissioner adopted pursuant hereto, within their respective territorial jurisdictions, except as otherwise provided by law or this Chapter.
[4] See La.C.Cr.P. Arts. 204 and 213; see also
La. Atty. Gen. Ops. 88-116, 84-63, and 82-626.
[5] La.R.S. 33:1433(2) provides, in part:
(2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. Their appointment and oath must be entered on the records of the court. In addition to taking the oath of office, the said deputies shall, before commencing upon the discharge of their duties, each furnish a bond in the sum of five thousand dollars, with good and solvent sureties in favor of the sheriff appointing the said deputy, and the public, for the faithful performance of their duties.
[6] La.R.S. 40:2402(2) provides:
(2) In addition, any person employed or commissioned as a peace officer, reserve peace officer, or part-time peace officer prior to July 1, 1998, including those persons employed as such prior to January 1, 1986, who has not satisfactorily completed a basic firearms training program, shall do so no later than August 1, 1999. All other such persons who begin employment subsequent to July 1, 1998 shall satisfactorily complete a basic firearms training program prescribed by the council within one calendar year from the date of initial employment. Any person who does not comply with the provisions of this Paragraph shall be prohibited from exercising the authority of a peace officer, reserve peace officer, or part-time peace officer; however, such persons shall not be prohibited from performing administrative duties.
[7] See La. Atty. Gen. Op. 02-0292 (a reserve deputy appointed by the sheriff enjoys the same authority as a regularly paid deputy); La. Atty. Gen. Op. 90-321 (a reserve deputy sheriff is appointed by the sheriff to perform all the duties of a deputy sheriff and has the power of a full time paid deputy sheriff); La. Atty. Gen. Op. 1946-48, p. 987 (special deputies have the same authority as a regular paid deputy by the taking and recordation of the oath), and La. Atty. Gen. Op. Oct. 19, 1973 (where this office noted that the designation as an auxiliary deputy is simply a classification used by the sheriff indicating that such deputy serves without pay; however, "this does not change the nature of a validly appointed deputy sheriff").
[8] See La. Atty. Gen. Op. 94-217.
[9] See La. Atty. Gen. Op. 88-116.
[10] See La. Atty. Gen. Op. 96-332 (a part-time deputy sheriff may concurrently hold the elected office of a municipal chief of police, provided there is no conflict of interest in time or duties that would prevent the proper functioning of the two positions); La. Atty. Gen. Op. 90-408 (the only real considerations are whether the individual can properly carry out the duties required for each position.)
[11] See La. Atty. Gen. Ops. 90-408.
[12] The issue of the sheriffs liability for the acts of a commissioned special deputy involves findings of fact, and factual determinations are within the province of the judiciary. A court has determined no basis existed for holding the Vermilion Parish Sheriff liable for the alleged molestation of children by a commissioned special deputy sheriff, as this special deputy never took the oath of office or posted bond as required by La.R.S. 33:1433, never attended police academy, was never certified with firearms, was never issued a uniform, equipment or vehicle by the sheriffs office, and was never placed on payroll or received any type of compensation; rather, his only connection was that he was commissioned as a special deputy sheriff and issued an identification card to that effect to authorize him to carry concealed weapon. See Wagoner v. Dyson,647 So.2d 493, 94-728 (La.App. 3 Cir. 12/7/94); writ notconsidered, 650 So.2d 1171, 95-0129 (La. 3/10/95) (La. Mar 10, 1995); appeal after remand,704 So.2d 346, 97-606 (La.App. 3 Cir. 12/10/97).
[13] See La. Atty. Gen. Op. 88-116.
[14] See La.Const. Art. V. § 27.
[15] La.C.C.P. Art. 331 provides "deputy sheriffs and other employees of the sheriff are subject to his direction and supervision, and shall perform the duties assigned to them by law, and by the sheriff."
[16] La.R.S. 33:381 (20)(b).
[17] Id.
[18] La.R.S. 33:381 (C)(19).
[19] See La. Atty. Gen. Op. 01-0327.