406 So.2d 784 (1981)
INGRAM OIL COMPANY, a Division of Ingram Oil Corporation
v.
ST. JOHN THE BAPTIST PARISH SCHOOL BOARD; Felix N. LeBouef; Fernard A. Becnel; Maurice Entremont; Harry Robottom; Charles M. Duhon; Stanley H. Gring; Gary Keating; Charles J. Watkins; Alvin M. Perret and Francis X. Champagne.
NORTHEAST PETROLEUM CORPORATION
v.
ST. JOHN THE BAPTIST PARISH SCHOOL BOARD.
Nos. 12062, 12063.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1981.
Rehearing Denied December 18, 1981.
*785 Richard L. Edrington, Carville & Edrington, LaPlace, for Ingram Oil Co., plaintiff-appellant.
Monroe & Lemann, Kenneth P. Carter, Benjamin B. Blanchet, New Orleans, for Northeast Petroleum Corp., plaintiff-appellant.
Chapman L. Sanford, Cangelosi & Sanford, Baton Rouge, C. William Bradley, Jr., Reserve, for St. John the Baptist Parish School Bd., defendant-appellee.
Before SAMUEL, BOUTALL and KLIEBERT, JJ.
BOUTALL, Judge.
These two consolidated suits put at issue the right of a purchaser to obtain the refund of sales tax. Both suits were dismissed on exceptions of no cause of action based on failure to give notice of protest.
Ingram Oil Company, a division of Ingram Oil Corporation, and Northeast Petroleum Corporation each brought a suit against the St. John the Baptist Parish School Board, its treasurer and others, representing that they made purchases of fuel oil from Marathon Oil Company; that Marathon Oil Company collected a sales tax on the transaction for the school board under its ordinance of July 14, 1965, and required plaintiffs to pay the tax asserting it was subject to later refund; that plaintiffs are not subject to the tax because they are not consumers or retailers and the fuel oil was in turn sold by them to others as wholesalers or distributors; that they are entitled to a refund of the taxes from the school board.
After some preliminary proceedings were had in the case, the court set the matter for trial and at trial date the school board filed exceptions of no cause of action in each suit. The trial judge maintained the exceptions and dismissed plaintiffs' suits, and they have appealed. The basic issues on these appeals are whether plaintiffs have sufficiently alleged that they are entitled to a refund of sales taxes imposed by the school board under its ordinance of July 14, 1965, (under the authority of L.R.S. 33:2737 and L.R.S. 47:301, et seq.) and whether they have followed the required procedure to permit bringing this suit either under the ordinance or under state law.
Because this appeal is from the maintaining of the peremptory exception of no cause of action, we are confined to a consideration of the petitions and not to a consideration of the other matters contained in the record, as, for example, the affidavits and depositions filed in support of the summary judgment proceedings had herein. There is some variance between the allegations in the two petitions, and we must therefore consider each petition separately.
The petition of Ingram Oil Company recites that it is a Delaware corporation in the business of buying and selling fuel oil in Louisiana and elsewhere, and that on or about January 1, 1978, it applied for a wholesaler's license, better known as a "W" number, with the Louisiana Department of Revenue. The purpose of the "W" number is to enable the recipient to avoid the payment of advance sales taxes which are required under the Louisiana laws and in order to receive the number, petitioner must demonstrate that within a three month period greater than fifty percentum of its transactions were sales for resale. During this three month period, petitioner was required to tender its advance tax to the vendor, Marathon Oil Company, which in turn tendered the advance tax to the taxing bodies, the State of Louisiana and the Parish of St. John the Baptist School Board. The payments of advance sales taxes to Marathon Oil Company were made between the period March 31, 1978, through April 17, 1978, in the amount of $42,046.38. At the time of these payments, plaintiff informed Marathon Oil that the payments *786 of advance sales taxes were not required by law. At the expiration of the three month period, the State of Louisiana made a refund of the advance tax paid to it, but although the defendants have been requested to make the refund of its share of the tax on numerous occasions it has refused; a formal written request for payment being made on April 24, 1978. Petitioner further alleges that the refusal to refund the taxes by the School Board is a breach of contract and an illegal action carried out with malice and in bad faith because the Louisiana statute granting the state authority to collect advance sales taxes prohibits school boards from collecting advance sales taxes; plaintiff at all times was a wholesaler and exempt from the payment of sales taxes in advance; and the taxes assessed are an unreasonable and undue burden on interstate commerce and are unconstitutional. By amended petition Ingram made the sales tax ordinance of the school board a part of its petition and alleged it was in violation of the Federal and State constitutions. It is specially noted that the only allegations contained in the petition relating to notice or protest to defendants are those contained in Article X111:
"On numerous occasions, the defendants herein have been requested to make the refund, but have refused, a formal written request for payment being made on April 24, 1978."
The School Board bases its peremptory exception of no cause of action on the following: 1) The petition discloses that the taxes in question were voluntarily paid, 2) that the taxes were not paid under protest, 3) that the statutory authority does not provide for a suit for refund unless the taxes were paid under protest, and 4) the School Board is immune from suit except by authority given by the legislature.
The general statutory scheme by which the School Board may impose a sales tax is as follows. The Louisiana legislature, by the enactment of L.R.S. 47:301 et seq., has authorized the imposition by the state of a general sales tax upon certain retail sales and transactions, and by the enactment of L.R.S. 33:2737 has authorized school boards to impose similar taxes. St. John the Baptist Parish School Board has imposed a one cent sales tax by virtue of an ordinance adopted July 14, 1965, to become effective August 9, 1965. While that ordinance follows in general the general format of the state sales tax law, we note that there are considerable differences in many particulars. Additionally, we note that L.R.S. 33:2737 provides that the school board sales tax shall be levied on those transactions within the parish as defined in L.R.S. 47:301 through 47:317. Similarly that statute requires that the school sales tax shall be collected at the same time and in the same manner and pursuant to the definitions, practices and procedures set forth in L.R.S. 47:301 through 47:317.
With these statutory provisions in mind, and referring to the well-pleaded factual allegations of the petition, which we must accept as true, it is evident that the petition does indeed state a case that the taxes were improperly assessed upon these transactions. Under these allegations, the case rests upon a threefold base: 1) The sale or transaction is not one defined in the ordinance, and no tax can be imposed upon it, 2) that the taxes imposed meet the definition of advance taxes defined in L.R.S. 47:306B and the school board is prohibited from imposing such a tax, and 3) that the tax was paid under the provisions of Section 4.05 of the School Board Ordinance, which provides for a refund upon obtaining a certificate of registration. Accordingly, plaintiff's petition shows that he is aggrieved by the imposition of the tax and he is entitled to proceed in court to correct that grievance unless he is barred from proceeding in court for failure to have paid the tax under protest, or to use other appropriate procedures to permit suit for recovery. The Louisiana Constitution of 1974 in Article 7 Section 3 requires that the legislature shall provide a complete and adequate recovery of an illegal tax paid by the tax payer. The legislature has provided for a remedy for persons aggrieved under the state sales tax law in L.R.S. 47:1576. Similarly, the School *787 Board has provided for remedies in its ordinance, which remedies under Section 12.10 thereof are not exclusive.
The remedy provided in the state law, L.R.S. 47:1576, provides a remedy at law and a resort to the court by all persons aggrieved under the provisions under the sales tax laws delineated in L.R.S. 47:301 through 318 and the additional sales tax law set out in Sections 321 through 323. As noted above, L.R.S. 33:2737 authorizes the School Board to impose and collect a sales tax within the provisions of Sections 301 through 317. It does not require that the provisions of Section 1576 be adopted or utilized. Nevertheless, under the constitutional mandate of Article 7 Section 3 the legislative remedy afforded in Section 1576 does apply, and especially in view of the express provisions of Section 12.10 of the ordinance that nothing therein shall be construed to deprive the dealer or the board of any remedy in the review of any tax, or in any proceedings to collect the tax given by any other law. Additionally, the right of action given in Section 1576 covers the "enforcement of any provisions of this Sub-title." It is, of course, contended that the collection of the tax is in violation of the provisions of L.R.S. 47:306 B, relating to advance taxes. However, the remedy granted only arises when the taxpayer has paid the tax and at the time has given notice of intention to file suit. No allegations having been made that notice of protest of tax and intention to file suit being given, the petition fails to state a cause of action under L.R.S. 47:1576.
Because of the tripartite basis of plaintiff's suit, we cannot conclude that L.R.S. 47:1576 controls the entire suit. We conclude that the remaining bases of the suit are covered by the provisions of the ordinance, and that the exception was properly sustained under those provisions also. In the School Board Ordinance, those portions comparable to L.R.S. 47:1576 are the provisions of Section 11.01, Section 11.02 and Section 11.03. Plaintiff argues to us that it is not a dealer and that it has a remedy provided under Section 11.02 which does not require notice of intention to file suit at time of payment of taxes as provided in either Section 11.01 of the ordinance or L.R.S. 47:1576. Section 11.02 states as follows:
"SECTION 11.02. This section shall afford a legal remedy and right of action in any State, City or Federal Court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this ordinance, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the Treasurer of the School Board."
This section is taken almost verbatim from the second paragraph of L.R.S. 47:1576. We are of the opinion that these three sections of the ordinance, 11.01, 11.02 and 11.03, must be read together as one section like § 1576, and that the legal remedy created is dependent upon the giving of notice at the time of payment of the tax. However, we are convinced from the allegations of the petition that the petitioner is a "dealer" as defined in the ordinance and that it comes under the provisions of Section 11.01, regardless of our consideration of 11.02.
The ordinance defines "dealer" in Section 1.04. That section provides in pertinent part:
"`Dealer' shall include every person who: * * *
(4.) has sold at retail, or used or consumed or distributed or stored for use or consumption in this Parish, tangible personal property and who cannot prove that the tax levied by this ordinance has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property; or

* * * * * *
(9.) Is engaged in business in the Parish."
Engaging in business in the Parish is defined in Section 1.06 and includes the "having within this Parish * * * any property, * * * protected by the laws and courts *788 of this Parish." Ingram Oil has alleged that it purchased the property, i.e., fuel oil from Marathon and it was delivered in the Parish. Thus under the allegations of its petition, Ingram Oil Company comes within the definition of a dealer and its remedies, insofar as payment as a result of illegal imposition of tax are concerned, are governed by Section 11.01, which requires the giving of notice of protest and intention to sue at the time of payment of the amount due. Having failed to allege giving of such notice, the exception must be sustained insofar as that portion of the suit is concerned.
The last issue to be disposed of on this exception concerns those allegations which allege entitlement of a refund of the tax paid. Section 11.01 is not the sole remedy that may be afforded to a dealer under the allegations of this petition. The allegations also fairly show that the tax paid was paid under the provisions of Section 4.05 of the ordinance which provides as follows:
"A manufacturer, wholesale dealer, jobber or supplier not included under and subject to the provisions of this ordinance, shall refuse to accept a certificate that any property upon which a tax is imposed by the ordinance is purchased for resale, and shall collect the tax imposed by this ordinance unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this ordinance; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the Parish the tax herein imposed."
Anyone paying under this section, besides the payment under protest which is required to contest either the constitutionality of the tax or the conflict with the statutory provisions of R.S. 47:306 B, may have the additional remedy for refund under Section 11.04.[1] The allegations of this petition do not set out facts which support a finding that plaintiff has complied with the notice provided therein, and accordingly we maintain the exception on this facet of the suit. Nevertheless, it has been argued to us, and the answer filed by defendant indicates the possibility, that the refund was refused upon a finding made by the treasurer. C.C.P. Art. 934 provides that when the grounds of the objection pleaded by the peremptory exception may be removed by an amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. Accordingly, in this case, we deem it proper to affirm the judgment of the trial court sustaining the exception, but remand the matter in order to afford Ingram Oil Company an opportunity to amend to state a cause of action within the limits of the views expressed hereinabove.
We now proceed to a consideration of the petition of Northeast Petroleum Corporation in the second of the consolidated suits.
Northeast Petroleum Corporation in its supplemental and amending petition recited that it had purchased fuel oil from Marathon Oil Company delivered at Marathon's *789 Garyville terminal located in St. John the Baptist Parish, and that the purchases took place between July 2, 1977, and May 31, 1978. Its petition recites in detail that the sales tax could not be imposed upon it because it did not factually or as a matter of law come within the authorized tax, and that the fuel oil had been resold to purchasers in sales for resale. Northeast alleges its facts in greater detail, and also alleges more legal conclusions and urges a greater variety of constitutional reasons why the tax paid should be refunded to it. Besides those issues of payment in error, illegality of the imposition under the statutory and ordinance provisions, collection as advance tax forbidden by the provisions of R.S. 47:306 (B) and the failure to make an administrative refund under Section 11.04 of the ordinance, Northeast alleges a system of arbitrary discrimination amongst wholesalers previously qualified to do business in Louisiana, capricious refusal to make refunds upon facts identical to which other tax payers had received refunds, and that the ordinance is so vague as to be unconstitutional and a denial of due process.
We point out that we are not required to accept the conclusions of law contained in a petition as correct, but only well-pleaded allegations of fact. In considering the allegations of this petition, we conclude that the factual allegations are basically the same as those made by Ingram Oil, although they are made in greater detail. Assuming all of the facts to be true, it is apparent, just as it was apparent in Ingram's petition, that the plaintiff shows that it is aggrieved, that it has stated a cause of action, and that it would be entitled to recover the taxes paid, provided that it had complied with the requirements necessary to bringing its suit. Nowhere in its petition does it allege that it gave notice of protest or intention to file suit at the time of the payment of the taxes either under L.R.S. 47:1576 or Section 11.01 of the sales tax ordinance. That notice is a prerequisite to the preservation of plaintiff's right to the remedy afforded. Similarly, there are no allegations in the Northeast petition of compliance with the notice provision of Section 11.04 of the ordinance providing for an appeal to the courts from a finding or assessment of the Treasurer.
Accordingly, we conclude that the exception of no cause of action was properly sustained against Northeast. However, there has been argument before this court in which Northeast has presented its representation that it had made complaints or protests to the Treasurer, and it may be possible that Northeast could show compliance with Section 11.04 such as to enable it to proceed in court for the refund. Under the provisions of C.C.P. Article 934, we would remand this matter in order to afford Northeast an opportunity to amend to state a cause of action within that limitation.
For the reasons above expressed, we affirm the judgment appealed insofar as it sustains the peremptory exception of no cause of action filed by the St. John the Baptist School Board against the petitions of Ingram Oil Company, a division of Ingram Oil Corporation, and Northeast Petroleum Corporation, but amend the judgment to permit each plaintiff an opportunity to amend its petition to state a cause of action within the limitations of Section 11.04 of the St. John the Baptist Parish School Board Sales and Use Tax Ordinance, remanding this matter to the trial court with instructions to order such amendment within a reasonable delay allowed by it, failing which their petitions shall be dismissed.
Costs of this appeal to await the final disposition of the case.
AFFIRMED IN PART, AMENDED IN PART AND REMANDED.
NOTES
[1] "SECTION 11.04. If any dealer shall be aggrieved by any finding or assessment of the Treasurer, he may, within thirty (30) days of the receipts of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the Treasurer shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for non-payment nor shall it stay the right of the Treasurer to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the Treasurer. Appeals from the decision of the Treasurer shall directed to any State, City or Federal Court of competent jurisdiction as provided for in Section 11.02."