693 So.2d 1217 (1997)
PROPERTY ASSET MANAGEMENT, INC.
v.
PIROGUE COVE APARTMENTS, a Partnership in Commendam.
No. 97-CA-0212.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1997.
*1218 J. David Forsyth, Peter S. Title, Sessions & Fishman, L.L.P., New Orleans, for Plaintiff-Appellant, Property Asset Management, Inc.
Peter J. Butler, Peter J. Butler, Jr., Richard G. Passler, W. Christopher Beary, Breazeale, Sachse & Wilson, L.L.P., New Orleans, for Defendant-Appellee, Pirogue Cove Apartments, A Partnership in Commendam.
Before CIACCIO, ARMSTRONG, JONES, WALTZER and LANDRIEU, JJ.
*1219 WALTZER, Judge.
This is an appeal from a judgment sustaining a peremptory exception of no cause of action on a petition to enforce an in rem mortgage by an ordinary proceeding and dismissing the action with prejudice.

STATEMENT OF THE CASE
On September 9, 1996, appellant, Property Asset Management, Inc. ("PAMI"), filed suit against Pirogue Cove Apartments, a Partnership in Commendam ("Pirogue Cove"), to enforce by ordinary process a defaulted mortgage loan. The mortgage loan includes: (1) a mortgage encumbering an apartment complex (the "Pirogue Cove Apartments") owned by Pirogue Cove and located in Eastern New Orleans (the "Mortgage"), (2) a chattel mortgage encumbering the chattels appurtenant to the Pirogue Cove Apartments (the "Chattel Mortgage"), together with the immovable property encumbered by the Mortgage (collectively referred to as the "Property"), and (3) a promissory note dated April 6, 1981 in the original principal amount of $9,178,900 (the "Note"). The Note, which is non-recourse, relieves Pirogue Cove of any personal liability, and the Mortgage stipulates that PAMI's only recourse is against the Property. The Note and Mortgage were recorded in the mortgage and conveyance records of Orleans Parish.
PAMI alleges that there is a principal balance of $8,890,053.05 due on the mortgage loan, together with interest in the amount of $1,242,529.07 through August 31, 1996, plus interest at the rate of 7.5% per annum from September 1, 1996 until paid. Because PAMI has no recourse against Pirogue Cove personally, PAMI's petition seeks only an in rem judgment and restricts the enforcement of the Mortgage to a foreclosure of the Property.
PAMI also sought and obtained an order from the Civil District Court for the Parish of Orleans sequestering the property and appointing PAMI, or its agent, as keeper of the Property during the pendency of the foreclosure proceeding. The keeper was authorized to manage the Property and to collect the revenues therefrom, which amounts to approximately $125,000 per month.
On October 2, 1996, Pirogue Cove filed an answer to plaintiff's suit together with a reconventional demand for damages for wrongful seizure under the writ of sequestration. On October 3, 1996 Pirogue Cove filed an exception of no cause of action. The trial court heard the exception of no cause of action on October 18, 1996, at which time the court signed a judgment maintaining the exception of no cause of action and dismissing the petition with prejudice. Although the trial court did not issue written reasons for its judgment, the transcript of the hearing reflects that the trial court sustained the exception of no cause of action for two reasons. First, the trial court held that the terms of the Mortgage precluded PAMI from enforcing the Mortgage by an ordinary proceeding against Pirogue Cove. Second, the trial court ruled that Louisiana law permits in rem proceedings to be filed only against nonresidents and that since Pirogue Cove was a Louisiana partnership, an in rem proceeding could not be filed against it.
Pirogue Cove subsequently filed a motion to enforce the October 18, 1996 judgment and to dissolve the writ of sequestration and appointment of a receiver, which the trial court granted on November 18, 1996.
PAMI filed a suspensive appeal from the October 18, 1996 judgment granting the exception of no cause of action, but the trial court refused to set a specific monetary amount for the appeal bond. Concerned that its suspensive appeal would be lost if the court did not set a bond, PAMI applied to this Court for supervisory writs to set a monetary amount for the bond, which we denied.
On November 22, 1996, PAMI filed a suspensive appeal from the judgment dissolving the writ of sequestration and appointment of a receiver, but the trial court refused to sign an order granting PAMI a suspensive appeal from that judgment. PAMI again applied to this Court for supervisory writs to require that the trial court grant PAMI a suspensive appeal, which we also denied.
The orders of this Court denying PAMI's requests for supervisory relief related only to whether PAMI could take a suspensive appeal *1220 and whether a stay should be granted. This expedited appeal seeks review of the merits of the trial court's judgments sustaining the exception of no cause of action and dissolving the writ of sequestration and appointment of a keeper.

SPECIFICATION OF ERRORS
1. Whether the trial court erred in sustaining the peremptory exception of no cause of action.
2. Whether the trial court erred in dismissing the petition with prejudice without giving PAMI an opportunity to amend.
3. Whether the trial court erred in ruling that in rem proceedings may be brought only against nonresidents.
4. Whether the trial court erred in dissolving PAMI's writ of sequestration and appointment of a keeper.

STANDARD OF REVIEW
On review, a dismissal for no cause of action should only be sustained if the well-pleaded allegations of fact in the petition clearly show that, based on the circumstances alleged, there is no remedy under any theory of law. Morgan v. ABC Manufacturer, 637 So.2d 1076 (La.App. 5 Cir.1994). Additionally, the appellate court must determine whether the trial court properly considered La.Code Civ.P. art. 934 in sustaining the exception without granting the plaintiff an opportunity to amend.

1. ASSIGNMENT OF ERROR NO. 1: Whether the trial court erred in sustaining the peremptory exception of no cause of action.

The trial court erred in sustaining the peremptory exception of no cause of action. An exception of no cause of action raises the question of whether the law affords a remedy for the particular grievance that the plaintiff alleges. Roberts v. Sewerage and Water Board of New Orleans, No. 92-C-2048 (La.3/21/94), 634 So.2d 341; Daly v. Reed, No. 95-2445 (La.App. 4 Cir. 2/15/96), 669 So.2d 1293. All facts pleaded in the petition are accepted as true without reference to any extraneous supporting or controverting evidence and all doubts are resolved in favor of the sufficiency of the petition. La.Code Civ.P. art. 931; Roberts, 634 So.2d at 342-343.
PAMI's petition states a cause of action. Specifically, the petition alleges that: (1) PAMI is the holder and owner of the Note made by Pirogue Cove, (2) the Note is secured by the Mortgage and the Chattel Mortgage encumbering the Property, (3) the mortgage loan is in default, (4) an in rem judgment should be rendered against Pirogue Cove for the amount owed, and (5) after the judgment is rendered, the Property be seized and sold and, out of the proceeds of the sale, PAMI be paid in preference to other claims.
The law affords a remedy for PAMI's pleaded cause of action. Louisiana Civil Code Article 3279 provides that a mortgage gives the mortgagee, upon the failure of the obligor to perform the obligation that the mortgage secures, the right to cause the property to be seized and sold in the manner provided by law and have the proceeds applied toward the satisfaction of the obligation in preference to the claims of others. As set forth above, PAMI's petition alleges the existence of the obligation, the granting of the Mortgage to secure the obligation, and the default. Additionally, PAMI's petition prays for the exact remedy specifically recognized in the Civil Codethe seizure and sale of the Property to satisfy the Note.
The limitation of personal liability for the debt does not affect the Mortgage's validity and PAMI's right to enforce the Mortgage in the event of default. The Civil Code expressly validates mortgages that limit a mortgagee's recourse for the satisfaction of an obligation to the property over which the mortgage is established. La. Civil Code Art. 3297. The comment to Article 3297 explains that a mortgage, as an accessory obligation, is enforceable whether or not the mortgagor is personally responsible for the performance of the obligation the mortgage secures. An agreement limiting the enforcement of the obligation does not effect the accessory nature of the security.
*1221 Additionally, the "in rem" mortgage clause is not ambiguous. At the hearing on the exception of no cause of action, the trial court indicated that the meaning of the "in rem" clause was unclear, because of a typographical error which omitted the word "to" preceding the word "subject."[1] Consequently, the court read that part of the clause out of the contract, and gave effect only to the phrase "that the holder shall take no action against the maker." In doing so, the court committed manifest error.
Civil Code Article 2048 declares that words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. Additionally, Civil Code Article 2049 provides that a provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not one that renders it ineffective. Further, Civil Code Article 2050 instructs that each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the whole. Even if a contract provision is unclear, the clause must be interpreted "in light of the nature of the contract." La.Civil Code Art.2053.
Since the very definition of a mortgage under Civil Code Article 3279 is the right to have the property seized and sold in the manner provided by law and have the proceeds applied toward the satisfaction of that obligation, any interpretation of a mortgage that destroys such a basic right is erroneous. As a matter of law, an obligation is enforceable by legal action. La.Civil Code Art. 1758. A mortgage cannot be read, therefore, to deny the mortgagee the right to enforce it by legal action against the mortgagor. Furthermore, it is unthinkable that Pirogue Cove contemplated that legal action to enforce the Mortgage was precluded. By entering into an "in rem" mortgage, PAMI agreed not to hold Pirogue Cove personally liable in the event of a default, and Pirogue Cove agreed that PAMI has the right to subject the Property to the satisfaction of the indebtedness.

2. ASSIGNMENT OF ERROR NO. 2: Whether the trial court erred in dismissing the petition with prejudice without giving PAMI an opportunity to amend.

The trial court erred in denying PAMI an opportunity to amend its petition before dismissing the petition with prejudice. Article 934 of the Louisiana Code of Civil Procedure mandates that the trial court permit an amendment to the petition where the grounds for the objection are curable. Alexander & Alexander v. State Division of Administration, 486 So.2d 95, 100 (La.1986). PAMI should have been given the opportunity to amend since PAMI could have cured the clerical defect.
Pursuant to La.R.S. 35:2.1, a clerical error in a notarial act, which includes a mortgage, may be corrected by an act of correction executed by the notary before whom the act was passed and the act of correction is given retroactive effect to the date of recordation of the original act. Despite the fact that PAMI was not given an opportunity to amend and PAMI's claim was dismissed with prejudice, PAMI nevertheless obtained and executed an act of correction executed by the notary before whom the Mortgage was passed, reciting that the word "to" before the verb "subject" was omitted from the Mortgage because of a clerical error. PAMI should be allowed its right to amend its petition to incorporate this act of correction.

3. ASSIGNMENT OF ERROR NO. 3: Whether the trial court erred in ruling that in rem proceedings may be brought only against nonresidents.

The trial court erred in ruling that PAMI could not obtain an in rem judgment against a resident of Louisiana because *1222 Article 8 of the Louisiana Code of Civil Procedure (which sets forth the trial court's jurisdiction to hear a case) limits in rem proceedings to nonresidents.[2] The trial court failed to recognize the distinction between in rem jurisdiction and in rem proceedings. Comment (b) to Article 8 makes it clear that the only reason the language of Article 8 does not expressly include the case of an action in rem against property in Louisiana owned by a Louisiana domiciliary is that such a case presents no jurisdictional problem.
The trial court's ruling that in rem proceedings can only be brought against nonresidents overlooks the fundamental principle that a mortgage is a real right and that an action to enforce a mortgage is, in all cases, an in rem action. As set forth in Louisiana Code of Civil Procedure, two in rem procedures exist to enforce a mortgage; ordinary and executory proceedings. La.Code Civ.P. Arts. 3721-23. Both of these proceedings are in rem. The fundamental distinction between the two procedures is that in the executory proceeding the mortgagee takes advantage of the mortgagor's confession of judgment to effect the seizure and sale of the mortgaged property, whereas in the ordinary proceeding the mortgagee first obtains a judgment against the mortgagor before effecting the seizure and sale. La.Code Civ.P. Arts. 2631, 3723. PAMI properly exercised its right and option to enforce the mortgage by an ordinary proceeding. The trial court's ruling that PAMI's method of proceeding was improper is erroneous as a matter of law.

4. ASSIGNMENT OF ERROR NO. 4: Whether the trial court erred in dissolving PAMI's writ of sequestration and appointment of a keeper.

The trial court erred in dissolving PAMI's writ of sequestration and appointment of a keeper. Pursuant to La.R.S. 9:5136 et. seq. and the terms of the Mortgage, PAMI is entitled to the appointment of a keeper and sequestration to avoid improper disposition or waste of the Property during the pendency of this action. The trial court's November 18, 1996 judgment dissolving the writ of sequestration and receivership was clearly wrong and is reversed.

CONCLUSION
PAMI's petition states a cause of action for which relief can be granted. Pirogue Cove negotiated an in rem mortgage to limit its personal liability upon default of the Note. Pursuant to the Mortgage, PAMI's only recourse is to seize and sell the Property; if the Property sells for less than the amount due on the note, PAMI has no further recourse.
Any defenses available to Pirogue Cove may be asserted in these via ordinaria proceedings, but those defenses may not be urged by an exception of no cause of action.
Accordingly, we reverse the trial court's judgments sustaining the exception of no cause of action, dismissing PAMI's action with prejudice and dissolving the writ of sequestration. We reinstate the writ of sequestration and the appointment of the keeper retroactive to the date the order was signed. We remand this matter to the trial court for further proceedings in accordance with this judgment.
REVERSED AND REMANDED.
ARMSTRONG, J., concurs.
JONES, J., concurs in part, dissents in part.
JONES, Judge, concurring in part, dissenting in part.
I concur in the majority's determination that the trial court erred in sustaining the exception of no cause of action and dismissing the petition with prejudice. Appellant should have been afforded the opportunity to amend the petition to state a cause of action.
However, I dissent from the majority's reversal of the trial court judgment dissolving the order of sequestration and the appointment *1223 of the receiver. Dissolution of the writ was predicated upon the ruling of the trial court. By this court's reversal and remand, the trial court should be ordered to reconsider the application for writ of sequestration.
NOTES
[1] The Mortgage reads:

The covenant of the maker to pay principal and interest is included in the Note secured hereby for the purpose of establishing and continuing the existence of the indebtedness. However, it is a condition of the said covenant and those contained herein that in the event of a default under the terms thereof, that holder shall take no action against the maker, except as such may be necessary [to] subject to the satisfaction of the indebtedness the property described herein and any chattels appurtenant to the use thereof; ...
[2] Article 8 reads: "A court which is otherwise competent under the laws of this state has jurisdiction to enforce a right in, to, or against property having a situs in this state, claimed or owned by a nonresident."