746 So.2d 806 (1999)
VIEUX CARRE PROPERTY OWNERS, RESIDENTS AND ASSOCIATES, INC.
v.
DECATUR HOTEL CORPORATION and Bruno Properties, L.L.C.
No. 99-CA-0731.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1999.
*807 James G. Derbes, Derbes & Waldrup, New Orleans, Louisiana, Counsel for Plaintiff/Appellant.
Anthony D. Irpino, Bruno & Bruno, New Orleans, Louisiana, Counsel for Defendant/Appellee.
Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY, Judge ROBERT A. KATZ.
KATZ, Judge.
The Vieux Carre Property Association filed a petition for declaratory judgment and injunctive relief against Decatur Hotel Corporation and Bruno Properties, L.L.C. alleging that the use of the Decatur Street properties was in violation of the zoning ordinances and other regulations of the City of New Orleans. In response, Bruno Properties filed an exception of no cause of action and/or no right of action. The trial court granted both exceptions and dismissed the plaintiff's Petition for Declaratory Judgment and Permanent Injunction with prejudice. The plaintiff has taken this appeal.

FACTS AND PROCEDURAL HISTORY
The Vieux Carre Association ("Association"), which consists of property owners, residents, persons that own and operate businesses within the Vieux Carre district, and many others, is a historic preservation organization formed in 1938. Its purpose is "to encourage and assist in the preservation, restoration, beautification and general betterment of the `Vieux Carre' section of New Orleans".[1] Bruno Properties, L.L.C., which owns property located at 513-515, 517-519, and 521-523 Decatur Street also referred to as the "expansion properties", leased this property to the Decatur Hotel Corporation for expanded hotel occupancy. The Association objected to the use of this property changing from a commercial and residential occupancy into a transient, hotel occupancy.
The Association filed suit against Bruno and Decatur on March 27, 1998. The Association alleged in its petition that the use of this property as a hotel expansion violated the Comprehensive Zoning Ordinances of the City of New Orleans. Additionally, the Association argues that the defendants (Bruno and the Decatur Hotel) "surreptitiously" renovated and altered the property so that it could be used as additional hotel rooms. However, even with these alterations, the property violated the zoning laws of the City of New Orleans.
Bruno Properties responded by filing an exception of no cause of action and/or no right of action. Essentially, Bruno argues that: the Association has no standing to bring this suit, i.e., it does not have a real and actual interest in this matter; the Association does not list any damages in its petition and, hence, the Association has no cause of action.
The district court agreed with Bruno, granted the exceptions, and dismissed the petition with prejudice. Thereafter, the Association appealed.

DISCUSSION
Does the plaintiff-Association's Petition state a cause of action, and, if not, should *808 the plaintiff be permitted to amend the Petition to allege sufficient facts to overcome the exception of no cause of action?
"In determining whether an exception of no cause of action should be granted, the Court must consider whether the law grants a remedy to anyone for the particular harm alleged by plaintiff based solely on the petition, without admitting additional evidence to support or controvert the exception. (citation omitted). When the petition states a cause of action as to any ground or portion of demand, the exception must be overruled." Harrison v. Redd, 93-2100 (La.App. 4 Cir. 3/29/94), 635 So.2d 404, 405.
After careful review of the pleadings filed herein, we agree with the trial court that the Association failed to state a cause of action. Thus, we find no error by the trial court in this respect.
However, even though the plaintiffs petition fails to state a cause of action the plaintiff was entitled to an opportunity pursuant to LSA-C.C.P. art. 934 to remove the grounds for the exception by amending its petition before the trial court could dismiss the petition with prejudice. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985).
It is true that this statutory right to amend the petition in order to remove the plea of no cause of action is not so absolute as to be permitted when an amendment would constitute a vain and useless act. In other words, for an amendment to be allowed there should be some indication that the defective petition can be amended to state a lawful cause of action. Prestenbach v. Louisiana Power and Light Co., Inc., 592 So.2d 499, (La. App. 5 Cir. 12/30/91), writ granted, judgment amended, 92-0281, 594 So.2d 882 (La.1992).
In Bradford v. Murray, 467 So.2d 1297 (La.App. 4 Cir.1985), writ denied 469 So.2d 988, this Court held that although the attorney representing the executor did not state a cause of action in defamation, the petition could possibly be cured by amendment, and thus, the executor's attorney was entitled to an opportunity to amend the petition.
In Williams v. Sistrunk, 417 So.2d 14 (La.App. 4 Cir.1982), this Court ruled that while medical malpractice patients failed to state a cause of action against the physician for an alleged violation of patient-physician privilege of communication for his release of plaintiffs-patients' entire medical records to defendant hospital, dismissal was improper, because by amendment the plaintiffs could remove the grounds of objection pleaded by the exception of no cause of action.
In Property Asset Management, Inc. v. Pirogue Cove Apartments, 97-0212, (La. App. 4 Cir. 4/11/97), 693 So.2d 1217, this Court held that the plaintiffs should have been given the opportunity to amend since the defect could have been cured by amending the petition.
In the case sub judice, we agree with the above jurisprudence and find that the plaintiff-Association should have been given the opportunity to amend its petition.
The next issue is whether the plaintiff-Association has standing to bring this lawsuit, i.e., does it have a "real and actual interest" in bringing this lawsuit to enjoin a continued violation of the comprehensive zoning ordinance of the City of New Orleans?
We answer this in the affirmative.
LSA-C.C.P. art. 681 provides that "except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."
Bruno argues that a private citizen (the Association) does not have the right to enforce an action for a zoning violation.
The question of whether an organization has standing to assert a claim on behalf of its members has been answered in the affirmative by the Louisiana Supreme *809 Court on numerous occasions. The Supreme Court in Ramsey River Road Property Owners Association, Inc. v. Reeves, 396 So.2d 873 (La.1981) has held that neighborhood property associations do have such standing. See also, Hotel-Motel Association Inc., et al. v. Parish of East Baton Rouge, et al., 385 So.2d 1193, 1196-97 (La. 1980); Associated General Contractor's, Inc. v. State, through Division of Administration, 95-2105 (La. 3/8/96), 669 So.2d 1185, 1190-91.
Moreover, this Court has recognized that: "neighboring residents may enjoin a landowner from violating the city zoning ordinances." Redfearn v. Creppel, 436 So.2d 1210, 1213 (La.App. 4 Cir.1983), reversed in part, 455 So.2d 1356 (La.1984).
Other courts have similarly recognized the right of an individual landowner to sue to enforce the zoning ordinances, even without the participation of the governmental entity charged with enforcement of the particular zoning ordinance at issue. Guillot v. Brooks, 26,544 (La.App. 2 Cir. 3/1/95), 651 So.2d 345; East Church Street Association v. Dangerfield, 491 So.2d 417 (La.App. 1 Cir.1986).
In the instant case, we conclude that the Association does have standing to assert a claim on behalf of its members.
Accordingly, for the foregoing reasons:
1. We affirm that part of the judgment maintaining the exception of no cause of action;
2. We reverse that part of the judgment that dismisses the plaintiff-Association's Petition with prejudice at this time and remand so that the trial court may give the plaintiff-Association a reasonable time within which to amend its petition, if it can, in order to set forth a cause of action;
3. We reverse the judgment as to standing and re-instate plaintiff-Association's standing to sue.
AFFIRMED IN PART; REVERSED IN PART & REMANDED.
NOTES
[1] The Association's charter and bylaws reveal in Article II that the area intended to be covered by the charter and bylaws is that area bounded by: the Mississippi River, Canal Street, Rampart Street, and Esplanade Avenue.