JjPICKETT, Judge.
Appellant Clarence D. Lewis appeals the dismissal of his civil suit against the Attor *349 ney General, the State of Louisiana, through the Department of Public Safety and Corrections, Office of Probation and Parole (DPS & C), employees of the Department of Corrections Tom Lorentz, Troy Dungan, and Supervisor Ms. Carson, and Bret Barham, Assistant District Attorney Cameron Parish, based on exceptions of no cause of action and no right of action. For the following reasons, we affirm the decision of the trial court.

FACTS

The plaintiff, while on parole, was arrested in Cameron Parish for allegedly assaulting Joyce Green, the plaintiffs fiancee. After pressing charges with the District Attorney’s office, the plaintiff alleges that Ms. Green changed her mind and decided she did not want the plaintiff prosecuted. Nevertheless, the prosecution proceeded. Appellee Bret Barham was the prosecuting attorney. The plaintiff sued Mr. Barham alleging malicious prosecution, alleging violations of 42 U.S.C. §. 1983.
During the prosecution of this case, the Office of Probation and Parole issued an order of detainer. The plaintiffs suit against DPS & C alleges wrongful detention. He also named as defendants Troy Dungan, Tom Lorentz, and Supervisor Ms. Carson. The plaintiff claims they acted outside their authority in their handling of his case. The plaintiff also claims that these employees, acting in concert with Bret Barham, caused the loss of the fetus of his fiancee, and sued for the wrongful death of his unborn child.
Also named in the plaintiffs suit are the 38th Judicial District Court and the Attorney General.
| ¡¡The trial court found that Lewis lacks standing to sue for the wrongful death of an unborn illegitimate child, and sustained the defendants’ exception for no right of action. He also sustained the defendants’ exceptions of no cause of action because all of the named parties are immune from tort suits unless their behavior is flagrant.

DISCUSSION

On review, dismissal for no cause of action should only be sustained if well-pleaded allegations of fact in petition clearly show that, based on circumstances alleged, there is no remedy under any theory of law. Property Asset Management, Inc. v. Pirogue Cove Apartments, 97-0212 (La.App. 4 Cir. 4/11/97); 693 So.2d 1217. Lewis’s complaint clearly reveals that all of the parties that he sued enjoy immunity from this kind of tort suit. All of the various defendants have immunity from suit under La.R.S. 9:2798.1, which states in pertinent part:
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
Also, Mr. Barham is protected from a claim of violation of the plaintiffs civil rights under 42 U.S.C. § 1983. In Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that prosecutors are absolutely immune from civil suits for damages under section 1983 for actions taken in the course of the prosecution.
Furthermore, DPS & C and its employee parole officers have immunity under La.R.S. 15:574.8, which states in pertinent part:
A. Incidental to the supervision of parolees, parole officers shall be deemed to be peace officers and shall have the same powers with respect to criminal *350 matters and the enforcement of the law relating thereto as sheriffs, constables and police officers have in their respective jurisdictions. They have hall the immunities and matters of defense now available or hereafter made available to sheriffs, constables and police officers in any suit brought against them in consequence of acts done in the course of their employment.
As for the wrongful death claim, Mr. Lewis has not proved paternity of the unborn child. He therefore lacks standing to bring a wrongful death claim under La.Civ.Code art. 2315.2(A)(2). The trial court did not err in dismissing the claim by sustaining the exception for no right of action. Further, all of the incidents which Lewis contends caused the miscarriage were allegedly perpetrated by public officers who enjoy immunity under the previously cited statutes.
This appeal lacks merit, and the judgment of the trial court is affirmed.
AFFIRMED.