782 So.2d 76 (2001)
Antoinette Fasullo, Widow of Charles Joseph FASULLO
v.
Kent FINLEY.
No. 2000-C-2659.
Court of Appeal of Louisiana, Fourth Circuit.
February 21, 2001.
Writ Denied May 4, 2001.
*78 Ashton R. Hardy, Hardy, Carey and Chautin, L.L.P. and William V. Renaudin, Metairie, LA, Counsel for Plaintiff-Respondent.
David J. Schexnaydre, Mark A. Myers, Wade D. Rankin, Aubert and Pajares, L.L.C., Covington, LA, Counsel for Defendant-Relator.
*79 Court composed of Judge ARMSTRONG, Judge JONES and Judge GORBATY.
ARMSTRONG, Judge.
The relators, De La Salle High School and Christian Brothers Risk Pooling Trust (the De La Salle defendants), seek review of the trial court's judgment overruling their exception of no cause of action. For the reasons that follow, we grant relators' application for supervisory writs and reverse the judgment of the trial court.

STATEMENT OF THE CASE
On October 17, 1999, a bicycle being operated by the defendant, Kent Finley, allegedly struck Charles Joseph Fasullo while Mr. Fasullo was attempting to cross Octavia Street. Mr. Finley, a coach at De La Salle High School, was allegedly riding his bicycle at a high rate of speed while traveling the wrong way and against traffic on a one way street at the time of the accident. Mr. Fasullo allegedly suffered numerous injuries as a result of being struck by the bicycle, including a fractured pelvis. He was hospitalized and subsequently died as a result of complications related to the accident.
On March 8, 2000, Antoinette Fasullo, the widow of Charles Joseph Fasullo, filed suit for damages allegedly arising out of the death of her husband. Mrs. Fasullo sued Kent Finely, De La Salle High School, Christian Brothers Risk Pooling Trust, and various insurance companies. Her basis for suing the De La Salle defendants, as stated in paragraph VII of her petition, was:
On information and belief, Petitioner avers that the defendant, Kent Finley, was employed as a coach by DeLaSalle (sic) High School and that, at the time of the accident, he was on his way to the school to review films of athletic events as required by his profession and as a part of his duties as an employee of DeLaSalle (sic) High School; that he was in the course and scope of his employment at the time of the accident.
The plaintiff further averred in paragraph IX of her petition, "As Mr. Finley was in the course and scope of his employment at the time of the accident, DeLa-Salle (sic) High School is liable for his negligence under the Doctrine of Respondent Superior."
Subsequent to the filing of the petition, the relators filed an exception averring that Mr. Finley was not in the course and scope of his employment at the time of the accident; thus, the plaintiff's petition failed to state a cause of action against De La Salle. The relators averred that Mr. Finley was merely commuting to work at the time of the accident, and the law does not provide for a cause of action under the doctrine of respondent superior in such cases.
Subsequent to the filing of the exception, the defendant, Kent Finley filed a cross-claim against the De La Salle defendants. In paragraph V of his cross claim, Mr. Finley averred that on the day of the accident he was "called out by his employer, De La Salle, on a specially ordered trip on a Sunday morning to go to the school to review `game film' of a prior De La Salle football game." Mr. Finley further averred that he was in the course and scope of his employment while in transit to De La Salle in compliance with his employer's special orders to appear at the school on Sunday morning, a day he does not normally work. Accordingly, he averred that as an employee in the course and scope of his employment, he was entitled to a full defense and coverage from the De La Salle defendants.
Following the filing of the cross claim, the relators filed another exception of no *80 cause of action in response to the cross claim, setting forth the same reasons raised in the exception of no cause of action filed in response to the plaintiff's petition. The plaintiff then filed a second supplemental and amended petition and the defendant, Kent Finley filed a first supplemental and amending cross-claim. Both amending petitions added additional allegations concerning Mr. Finley's employment. More specifically, the petitions alleged that Mr. Finley was traveling to the school on a specially ordered mission to review game film and to strategize for an upcoming football game. After a hearing, the trial court denied relators' exception and this application for supervisory writs followed.

DISCUSSION
The purpose of a peremptory exception of no cause of action is to test the legal sufficiency of a petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). No evidence is introduced on the matter but all well-pleaded allegations of fact in a petition are to be accepted as true. La. C .C.P. art. 931; City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 640 So.2d 237 (La.1994); Morris v. Sears, Roebuck and Co., 99-2772 (La.App. 4 Cir. 5/31/00), 765 So.2d 419; Williams v. Hattan, 594 So.2d 977, writ denied, 600 So.2d 606 (La.1992). The exception of no cause of action should only be granted when it is clearly shown on review that, based on the well-pleaded allegations of fact in the petition, the law affords no remedy for the grievances alleged and under the circumstances alleged. Wagoner v. Dyson, 647 So.2d 493, 496 (La.App. 3 Cir. 12/7/94)
As a practical matter, an exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insuperable bar to relief. Nelson v. Williams, 707 So.2d 436, 439. Dismissal is justified only when the allegations of the petition itself clearly demonstrate that the plaintiff does not have a cause of action, or when its allegations indicate the existence of an affirmative defense that appears clearly on the face of the pleading. Id.
The question therefore is whether in the light most favorable to the plaintiff, and with every doubt resolved in her behalf, the petition states any valid cause of action for relief against the relators. The plaintiff's cause of action against the De La Salle defendants is based upon La. C.C. 2320, which renders an employer answerable for the damage occasioned by its employee in the exercise of the functions in which that employee is employed. Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990). An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer's business. Orgeron on Behalf of Orgeron v. McDonald, 639 So.2d 224, 227 (La.1994), citing LeBrane v. Lewis, 292 So.2d 216 (La.1974). In determining whether the employee's conduct is employment-rooted, the court assesses several factors, including the payment of wages by the employer, the employer's power of control, the employee's duty to perform the particular act, the time place and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business, the benefits received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act. Orgeron, 639 So.2d at 227.
*81 However, an employer's vicarious liability for acts not its own extends only to the employee's tortious conduct that is within the course and scope of the employment. Orgeron, 639 So.2d at 226. Generally speaking, an employee going to and/or from work is not considered as acting within course and scope of his employment to such an extent as to render his employer liable to third persons for employee's negligent acts. Gordon v. Commercial Union Ins. Co. (La.App. 4 Cir.1987), 503 So.2d 190, 194, writ denied, 506 So.2d 1227 (La.1987). The rationale of this principle is that an employee usually does not begin work until he reaches his employer's premises. Orgeron, 639 So.2d at 227. Therefore, unless the employee has a duty to perform a service or task en route, the employee's commute to and from work is usually considered outside the course and scope of employment. Id.
The allegation that Mr. Finley was acting in the course and scope of his employment with the De La Salle defendants at the time of the accident is nothing more than a conclusion of law. Louisiana retains a system of fact pleading, and a mere conclusion unsupported by facts does not set forth cause or right of action. Montalvo v. Sondes, 637 So.2d 127 (La. 1994). Further, a court of appeal is not required to accept conclusions of law contained in a petition as correct, but only well pleaded allegations of fact. Ingram Oil Co. v. St. John the Baptist Parish School Bd., 406 So.2d 784 (La.App. 4 Cir. 11/13/81), writ denied, 412 So.2d 87 (La. 1982).
On the face of the petition, it would appear that Mr. Finley was not in the course and scope of his employment at the time of the accident. The most that can be said was that he was on his way to work to provide services to his employer. The trial court denied the relators' exception of no cause of action. The sole reason given by the trial court for denying the exception was:
In Orgeron v. McDonald (sic), 639 So.2d 224 (La.1994) (sic) we find the following:
"The going and coming rule applies nicely when the employee has a first place of work, so that his traveling back and forth between his home and his fixed place of work is almost never in the course of employment."
In article VII, plaintiff alleges that the tortfeasor was in the course and scope of his employment at the time of the accident. This conclusory allegation is probably not an adequate allegation of fact. But rather than decide the case on this basis, I would prefer to overrule the exception and invite summary judgment after discovery. (emphasis added)
The trial court appeared to implicitly recognize that the petition did not allege sufficient facts; rather, it merely made conclusory allegations.[1]
Neither the plaintiff nor the cross claimant cited any "facts" to demonstrate that Mr. Finley was in the course and scope of his employment at the time of the accident. Rather, both claimants admitted that Mr. Finley was on his way to work when the accident occurred. Thus, the well-pleaded allegations of fact in the plaintiff and cross claimant's petitions and amending petitions, even if accepted as true, state no cause of action for a claim based on respondent superior.
*82 The jurisprudence recognizes some exceptions to the going and coming from employment rule. A notable exception is where the employee's commute to and from work involves traveling to different work locations, as opposed to a fixed work location. Orgeron. Assuming that the court felt it was a close question as to whether this case fits into an exception to the rule, the trial court would undoubtedly be correct in denying the exception of no cause of action. Yet, such does not appear to be the case. We find that Orgeron is distinguishable from the instant case.
In Orgeron an offshore worker was involved in a two-vehicle accident while traveling from his employer's office to a specific dock for purposes of employment. While traveling home from a fourteen-day shift offshore, the worker had been intercepted by his employer and ordered to report to the dock within hours of the order. The worker had limited time to travel to the specified dock. The Louisiana Supreme Court held that the emergency nature of the assignment, which primarily benefited the employer, greatly heightened the degree of employer control over the worker. The high degree of employer control and employer benefit in the special assignment brought the employee's trip to the assigned dock within the course and scope of his employment. Also, the court regarded the employee's travel from his employer's office to the assigned dock as an act performed in the furtherance of his employer's objective. Therefore, the court held the employer vicariously liable for the conduct of its employee.
In reaching that conclusion the court specifically noted, "[T]his is not a simple commuter case, since McDonald [the employee] was not traveling from home to work when this accident occurred." Orgeron, 639 So.2d at 228. Rather, the court noted that McDonald was traveling from his employer's office, under special orders from his employer, to report to another job site by a specified time. The court noted that the employer had intercepted McDonald on his trip from the previous job site to his home. The court was careful to note, "The fact of the special orders did not necessarily cause the trip to Fourchon [the new job site] to fall within the course and scope of his employment." Id. Rather, the court noted that it was the fact that the orders essentially kept McDonald from being able to go home or anywhere else in order to arrive at the new job site timely. Thus, it was the emergency nature of the assignment that kept McDonald from going home that caused the court to find that McDonald was acting in the course and scope of his employment at the time of the accident.
The plaintiff and cross claimant apparently attempted to amend their petitions to bring the case within the special exception set forth in Orgeron by adding an allegation that Mr. Finley was making a "specially ordered" trip to the school on a day that he normally did not work.[2] However, as noted in the previous paragraph, the fact of the special orders was not the determinate factor in finding that the employee in Orgeron was acting in the course and scope of his employment. Also see Bertrand v. Bollich, 695 So.2d 1384, writ denied, 703 So.2d 621 (La.1997) for the view that special orders alone do not necessarily cause a trip to fall within the course and scope of employment. Indeed, in Orgeron, the Louisiana Supreme Court noted that if the employee had been notified to report to the dock for a special *83 assignment two or three days before the time of reporting, the trip arguably would have been outside the course of the employment.
Significantly, language used by the court prior to finding that the employee in Orgeron was acting in the course and scope of his employment actually supports the relators' position that Mr. Finley was not acting within the course and scope of his employment while en route to work. Prior to commencing the discussion of the applicable law, the court in Orgeron noted the general rule to be followed when it stated:
[I]n most cases, McDonald's infrequent traveling from home to work (or at least to the port where he came under ECS's supervision and control) and from work to home arguably fell under the going and coming rule. Nevertheless, this is not a simple commuter case, since McDonald was not traveling from home to work when this accident occurred.
Orgeron, 639 So.2d at 227-228.
The court then went on to state why the case was exceptional and did not fit under the general rule when it stated:
The present case involves the application of the principle that an employee who is traveling from home to work or returning from work to home is generally not within the course and scope of his employment. Because an employee usually does not begin work until he reaches his employer's premises, his going to and coming from work is generally considered outside the course of his employment unless he has a duty to perform en route. Moreover, an employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination.
The going and coming rule applies nicely when the employee has a fixed place of work, so that his traveling back and forth between his home and his fixed place of work is almost never in the course of employment. Not all employees, however, work on the employer's premises or have a fixed place of work. The dispatching of employees to different work locations gives rise to many "shades of gray" in the otherwise "black and white" applications of the going and coming rule. When an employee is required to check in at a certain place and is then dispatched to the work site for that day, he is generally in the course of employment in the travel between the check in place and the work site, but not between home and the check in place. See generally Arthur Larson, Law of Workman's Compensation § 16 (1993). However, when an employee is instructed to report to different work sites which change periodically, without first reporting to a check in place, there are more variations in the determination of course and scope of employment. (emphasis added)
Orgeron, 639 So.2d at 227.
In the instant case, Mr. Finley was admittedly traveling to work at the time the accident occurred. There is no suggestion that he was performing any type of service to his employer while in transit to work. In the second supplemental petition, the plaintiff added additional allegations in paragraph VII concerning the circumstances causing Mr. Finley to be en route to his job on the date of the accident. More specifically, the plaintiff alleged that Mr. Finley was within the power and control of his employer at the time that he was en route to the school to perform a special mission on a non-workday. However *84 the plaintiff alleges no facts to support this additional conclusory allegation. The mere facts that Mr. Finley was paid wages and that he was going to work on a day that might normally have been a nonwork day does not change the nature of his trip to his job site. In the absence of allegations showing that Mr. Finley was performing some services to benefit his employer while in transit to work the day of the accident, it does not appear that Mr. Finley was in the course and scope of his employment at the time of the accident.
Even though the plaintiff's petition fails to state a cause of action, the plaintiff may be entitled to an opportunity to remove the grounds for the exception by amending its petition. La C.C.P. art. 934. However, this statutory right to amend the petition in order to remove the plea of no cause of action is not so absolute as to be permitted when an amendment would constitute a vain and useless act. Vieux Carre Property Owners, Residents and Associates, Inc. v. Decatur Hotel Corp., 99-0731 (La.App. 4 Cir. 11/10/99), 746 So.2d 806. For an amendment to be allowed there should be some indication that the defective petition can be amended to state a lawful cause of action. Id.
We are unable to conceive of additional facts that could be alleged to state a cause of action against the relators.
For the foregoing reasons, the judgment of the trial court is reversed and the exception of no cause of action is maintained.
WRIT GRANTED JUDGMENT REVERSED.
NOTES
[1] Yet, the court indicated a preference for deciding the issue on a motion for summary judgment after discovery.
[2] They also averred in the amended petitions that Mr. Finley was carrying film to be viewed at the school. However this allegation would simply put him in the category of any other employee who may have taken work home to review.