HANS J. LILJEBERG, Judge.
12Plaintiff/AppeIlant appeals the trial court’s grant of summary judgment in favor of defendants/ appellees, Children’s Medical Clinic, Inc. and Travelers Property Casualty Company of America.

Factual and Procedural History

On September 16, 2010, at approximately 8:00 a.m., defendant, Erica Rubio, arrived at her place of employment, Children’s Medical Clinic, located at 829 Bar-ataría Boulevard in Marrero, Louisiana. While driving through the parking lot, Ms. Rubio struck plaintiffs person, causing severe injuries.
Plaintiff subsequently filed suit against Ms. Rubio, State Farm Mutual Automobile Insurance Company, Children’s Medical Clinic, Inc. and Travelers Property Casualty Company of America. Plaintiff alleged that Children’s Medical Clinic and its insurer, Travelers, were liable for the actions of its employee, Ms. Rubio, under the theory of respondeat superior. Plaintiff specifically alleged that |aMs. Rubio was in the course and scope of her employment with Children’s Medical Clinic at the time of the accident.
Thereafter, Children’s Medical Clinic and Travelers filed a motion for summary judgment on the basis that there is no genuine issue of material fact that its employee, Ms. Rubio, was not acting in the course and scope of her employment on the morning of the accident. The trial court granted the motion for summary judgment. This timely appeal followed.

Discussion of Law

Appellate courts review the granting or denial of a motion for summary judgment de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Migliore v. Gill, 11-407 (La.App. 5 Cir. 12/13/11), 81 So.3d 900, 902, writ denied, 12-94 (La.3/9/12), 84 So.3d 555; Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. Summary judgment shall be rendered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Richard v. Hall, 2003-1488 (La.4/23/04), 874 So.2d 131,137. The mov-ants, Children’s Medical Clinic and Travelers, have the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant *419 will not bear the burden of proof at trial, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish they will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact La. C.C.P. art. 966(C)(2). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Richard, supra, at 187.
|4La. C.C. art. 2320 states, “employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed.” Therefore, Children’s Medical Clinic will be held vicariously liable for the actions of Ms. Rubio only if she was in the course and scope of her employment with the Children’s Medical Clinic at the time of the accident.
Generally, an employee’s conduct is within the course and scope of his employment if the conduct is the kind that he is employed to perform. Gill, supra, at 903 (citing Orgeron v. McDonald, 93-1353 (La.7/5/94) 639 So.2d 224, 226). An employer will be responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer’s business. Id.
An employee going to and/or from work is generally not in the course and scope of employment. White v. Canonge, 01-1227 (La.App. 5 Cir. 3/26/02), 811 So.2d 1286, 1289 (citing Fasullo v. Finley, 00-2659 (La.App. 4 Cir. 2/21/01), 782 So.2d 76, 81). The rationale of this principle is that an employee usually does not begin work until he reaches his employer’s premises. Id. So, unless the employee has a duty to perform a task en route, the employee’s commute to and from work is usually not in the course and scope of employment. Id. Exceptions may apply, however, when the employer provides the transportation, if the employer provides expenses or wages for the time spent traveling or if the operation of the vehicle is incidental to some employment responsibility. White, supra, at 1290.
None of the exceptions apply to this case, and the evidence does not support a finding that Ms. Rubio was acting in the course and scope of her employment when the accident occurred. On the morning of the accident, Ms. Rubio was | ^traveling to work in her privately owned vehicle, when she pulled into the parking lot of her employer, striking plaintiffs person. Children’s Medical Clinic does not compensate Ms. Rubio for travel expenses or mileage, nor does it require her to use her vehicle to perform her duties. Moreover, Erica Wing, the clinic’s payroll manager, testified that Ms. Rubio was a part-time employee who was paid an hourly rate, and that on the morning of the accident, Ms. Rubio had not yet reported for work. Plaintiff argues that it was a Children’s Medical policy that its employees park in a specific location. This fact, without more, simply is not grounds upon which to find that Ms. Rubio was acting in the course and scope of her employment. See, Davis v. Green, 44,033 (LaApp. 2 Cir. 2/25/09), 5 So.3d 291.
Considering the foregoing, we find that Ms. Rubio was not in the course and scope of her employment at the time of the accident. Therefore, Children’s Medical Clinic and its insurer, Travelers, are not *420 liable for the alleged negligent acts of Ms. Rubio.

Decree

Accordingly, the judgment of the trial court granting summary judgment in favor of Children’s Medical Clinic, Inc. and Travelers Property Casualty Company of America is affirmed.

AFFIRMED