750 So.2d 226 (1999)
Barbara HARP, et al., Plaintiffs-Respondents,
v.
PINE BLUFF SAND AND GRAVEL COMPANY, et al., Defendants-Applicants.
No. 98-1634.
Court of Appeal of Louisiana, Third Circuit.
November 24, 1999.
*227 V. Russell Purvis, Jr., Theodore Glenn Edwards, IV, John T. Andrishok, Lafayette, for Barbara Harp, et al.
John Francis Emmett, J. Fredrick Kessenich, New Orleans, Eugene W. Policastri, Metairie, for Pine Bluff Sand and Gravel Co., et al.
Ashley B. Witherspoon, Alexandria, for State.
Before: DECUIR, AMY and PICKETT, Judges.
PICKETT, Judge.
This case involves an accident where barges in tow of a tug boat struck and damaged the Black River bridge. Plaintiffs filed suit alleging economic loss and inconvenience as a result of the bridge being closed for repairs. The Defendants, the State and Pine Bluff Sand & Gravel Company ("Pine Bluff"), filed separate Exceptions of No Cause of Action. The trial court denied the exceptions. The Defendants filed supervisory writ applications with this court. The State's exception was granted and Pine Bluffs writ was denied by two different panels of this court. Pine Bluff filed an application for a writ of *228 certiorari with the Louisiana Supreme Court which remanded the case to this honorable court for further consideration. For the following reasons, we affirm our decision to grant the State's exception, and herein coordinate our prior decisions and grant Pine Bluffs Exception of No Cause of Action.

FACTS
On May 25, 1997, barges in tow of the tug OSCAR WALTERS struck the Black River Bridge located in Concordia Parish. The bridge is the most direct link between the Town of Jonesville and adjacent Concordia Parish. After the accident, the bridge was extensively damaged and closed to traffic until repaired. The bridge was owned and operated by the State of Louisiana, Department of Transportation and Development.
Due to the bridge closure, residents and business owners in Catahoula and Concordia Parishes had to use alternate routes to cross the Black River. The residents allege no damage to their personal property. Plaintiffs filed a class action alleging they suffered severe and grave economic damages to individuals and businesses in Jonesville, lost sales, inconvenience increased transportation cost and lost time from work as a result of the closure of the bridge.
Pine Bluff, was named a defendant in its capacity as owner and operator of the tug and barges involved in the collision. The State of Louisiana, through the Department of Transportation and Development, was named as a defendant in its capacity as owner of the bridge and employer of the bridge tender stationed on the bridge at the time of the accident.
Pine Bluff filed an Exception of No Cause of Action contending that Plaintiffs could not set forth a cause of action for purely economic losses in the absence of physical damage to property in which they held a proprietary interest. The State later filed a parallel exception which further argued that even if state law, as opposed to maritime law, were to apply to this casualty, Plaintiffs could nevertheless not recover. The Court subsequently issued an order setting both exceptions for hearing on September 11, 1998.
The trial court denied the exception based on Pharr v. Morgan's L & T.R. & S.S. Co., 115 La. 138, 38 So. 943 (1905). Judgment without written reasons was entered on September 28, 1998. Both Defendants filed supervisory writ applications. On the State's application, a three-judge panel of this court found that the Plaintiffs could not recover under either federal maritime law or Louisiana law. On Pine Bluffs application, a five-judge panel held that there was a cause of action against Pine Bluff for purely economic losses. Pine Bluff filed an application for writ of certiorari with the Louisiana Supreme Court. The Louisiana Supreme Court remanded the case to this honorable court.

ASSIGNMENTS OF ERROR
(1) The court below erred by implicitly holding that maritime law, which does not permit recovery for purely economic losses, is inapplicable.
(2) The court erred in refusing to follow PPG Industries, Inc. v. Bean Dredging, Inc., 447 So.2d 1058 (La.1984), and by refusing to hold that these plaintiffs have no cause of action under state or maritime law for purely economic losses.
(3) The trial court erred in relying upon an ancient and implicitly overruled 1905 decision to deny Pine Bluffs exception.
(4) This court, in its earlier denial of Pine Bluffs writ application, erred in drawing an artificial distinction between Pine Bluff and the co-defendant, the State of Louisiana. By granting the State's identical exception, and denying Pine Bluffs, the panel opinion previously entered violated Louisiana's abrogation of sovereign immunity as articulated in Article XII, Section 10(A) of the Louisiana Constitution.
*229 (5) By treating the State of Louisiana and Pine Bluff differently, the panel opinion previously issued has denied Pine Bluff equal protection of the laws without rational basis.
(6) To the extent that the trial court believed the Plaintiffs had a sufficient proprietary interest in the Black River Bridge to permit recovery, that belief was erroneous.

DISCUSSION
The function of an Exception of No Cause of Action is to test the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Any doubts must be resolved in favor of the sufficiency of the petition. Stout v. Stout, 97-1508 (La.App. 3 Cir. 10/7/98); 719 So.2d 727.
No evidence may be introduced to support or controvert the objection that the petition fail to state a cause of action. La.Code Civ.P. art. 931. When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be denied. Pitre v. Opelousas General Hospital, 530 So.2d 1151, 1162 (La.1988). A "cause of action" is an act by a Defendant which gives a Plaintiff a right to invoke a judicial interference on his behalf. Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350 (La. 1975). In the present case, we find the Plaintiffs' claims fails to establish a right to judicial interference in resolving this claim and, therefore, fails to show a cause of action against either the State or Pine Bluff.
We will first discuss whether federal or state law applies to this action. Plaintiffs argue they have a state law claim under a duty/risk analysis and Defendants argue that federal admiralty law applies, not state law.
Claims involving collision on a navigable waterway of the United States and resulting damages are within admiralty and maritime jurisdiction of federal courts. The Admiralty Extension Act grants jurisdiction to the federal courts for shoreside damages as well as those directly involving the waterway. Admiralty Jurisdiction Act, 46 U.S.C.A.App. § 740. State of Louisiana, et al. v. M/V Testbank, 752 F.2d 1019 (1985). Because this case involves a barge collision which occurred on navigable waters, it falls within the domain of the Admiralty Extension Act. Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996).
The Admiralty Extension Act provides that the admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land. It is well-settled that the invocation of federal admiralty jurisdiction results in the application of federal admiralty law rather than state law. Maritime decisions are influenced by common law developments in state courts, but there is no requirement that state law be adopted. To permit recovery on state law grounds could undermine the principles established by the uniform rules of conduct emphasized in maritime jurisprudence. Therefore, we deny plaintiffs' state law claim as a theory of recovery. Testbank, 752 F.2d at 1031.
The next step in our analysis is to determine whether Plaintiffs have a cause of action under federal admiralty law. The controlling case law given the issues of this case is Robins Dry Dock & Repair Co. v. Flint, et al., 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). In Robins, the Supreme Court held that absent a showing of injury to person or property, pure economic loss arising from a maritime tort is not recoverable, even if such losses were a foreseeable consequence of the tortfeasor's conduct.
The plaintiffs must show the requisite amount of proprietary interest in the *230 damaged property itself to be entitled to recovery for any damages. The Plaintiffs in this case are residents and business owners that used the state-owned bridge. Plaintiffs argue that because of the great economic reliance upon the bridge at issue, Plaintiffs have a significant proprietary interest in the Black River Bridge. The courts have remained dedicated to the principle set forth in Robins and have been reluctant to recognize claims based solely on harm to the interest of business expectancy. We find the Plaintiffs have not represented a sufficient proprietary interest to warrant a cause of action and specifically refer to the Fifth Circuit's treatment in Complaint of Clearsky Shipping Corp., 1999 WL 729251 (E.D.La.1999). See also Petitions of Kinsman Transit Co., 388 F.2d 821 (2d Cir.1968), aff'g 1964 A.M.C. 2716 (W.D.N.Y.1964); IMTT-Gretna v. ROBERT E. LEE SS and Midland Enterprises, Inc., 993 F.2d 1193 (1993).
We find that Plaintiffs have no cause of action against the State or Pine-Bluff and both parties Exceptions of No Cause of Action are hereby granted and reverse the trial court's denial of the exceptions. All costs of this appeal are assessed against the Plaintiff.
REVERSED.