**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**03-0556**

**STATE OF LOUISIANA**

**VERSUS**

**SHERWOOD ALVIN HAMILTON, $1,537.00 U.S. CURRENCY AND A RUGER R-145 .22 PISTOL (Z054032)**

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT,
PARISH OF NATCHITOCHES, NO. 74428
HONORABLE FRED C. SEXTON, JR., DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Ned E. Doucet, Jr., Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Van Hardin Kyzar**
**District Attorney**
**Jimmy D. Long, Jr.**
**Assistant District Attorney**
**10th Judicial District Court**
**Post Office Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Charles R. Whitehead, Jr.**
**Whitehead Law Offices**
**Post Office Box 697**
**Natchitoches, LA 71458-0697**
**(318) 352-6481**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Sherwood Alvin Hamilton**

AMY, Judge.

The defendant was arrested for simple battery and for possession of marijuana, Oxycontin®, and alprazolam with intent to distribute. Pursuant to the Controlled Dangerous Substances Property Forfeiture Act of 1989, currency and a pistol found at the scene of the arrest were adjudged forfeited. Several months later, the defendant, who did not file a claim to recover his forfeited property, filed a class action suit, alleging that certain judgments of forfeiture obtained pursuant to the Controlled Dangerous Substances Property Forfeiture Act are absolutely null and void. The State filed exceptions of no cause of action and prescription, which the trial judge granted. The defendant appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

According to the record, in the early hours of February 26, 2002, Natchitoches Police officers responded to a complaint of a domestic disturbance. Upon arriving at the scene, officers encountered Sherwood Hamilton and an injured Latosha Ballard. While the police were investigating what had taken place, Hamilton, accompanied by an officer, walked into his bedroom. The record reflects that upon entry, the officer noticed four plastic bags lying on a night stand that appeared to contain suspected contraband, marijuana. The bedroom was then searched, resulting in the discovery of nine bags of marijuana, collectively weighing approximately nine pounds, a steel pot containing eight bags of marijuana, collectively weighing approximately two and a half pounds, a digital weighing scale, four Oxycontin® tablets, and four alprazolam tablets. According to the record, officers further noted the presence of $1,537.00, separated into denominations of $100, $50, $20, $10, $5, and $1, consistent with the arrangement of money used in illegal narcotics trade. Police asked Hamilton if he was in possession of any weapons, and Hamilton produced a Ruger .22 pistol.

Detective Nikeo Collins, who had been assigned to the case, collected the marijuana, pills, pistol, scales, and cash and transported these items to the Natchitoches Police Station. There, he encountered Hamilton, who was there for booking. Detective Collins' affidavit relates that upon questioning, Hamilton stated that although the pills were for his personal use, the marijuana was not. Hamilton also stated that he was unemployed and only had $500, which he claimed he had borrowed. The detective noted in his affidavit that given the substantial quantity of marijuana at the scene, Hamilton's criminal history, his voluntary statements concerning his possession of illicit substances, his employment status, and his substantial underestimation of the amount of money he had, Detective Collins felt that seizure of the $1,537.00 was warranted pursuant to the Louisiana Controlled Dangerous Substances Property Forfeiture Act of 1989.

The warrant of seizure for forfeiture was applied for and granted that same day, February 26, 2002. The record reflects that on March 6, 2002, an assistant district attorney for the Tenth Judicial District in Natchitoches provided that a Notice of Pending Forfeiture was served upon Sherwood Hamilton by certified mail, return receipt requested. Hamilton's signed receipt of this notice, dated April 25, 2002, is present in the record. On June 28, 2002, the State moved for a judgment of forfeiture of the contraband seized from Hamilton, noting that more than thirty days had elapsed since the seizure, and no claims had been made for the property's return. The judgment of forfeiture was granted that same day. Notice of judgment was mailed to Hamilton on July 1, 2002.

On December 3, 2002, Sherwood Hamilton filed a petition styled "Class Action Petition for Annul of Judgments Forfeiture Obtained Pursuant to R.S. 40:2601" in the 10th Judicial District Court. In this petition, Hamilton alleged that his and ninety-six

other judgments of forfeiture rendered pursuant to the CDS Property Forfeiture Act were absolutely null and void because (1) no petition for forfeiture was ever served upon the defendants in a manner authorized by law; (2) no judgment of default was ever entered; (3) all proceedings were conducted in chambers, not in open court; (4) each proceeding was characterized by a "total lack of Due Process of Law;" and (5) no showing of forensic evidence was made to support the forfeitures. Furthermore, Hamilton argued, the Natchitoches District Attorney's conduct in obtaining judgments of forfeiture was characterized by "fraud and ill practices," which would allow the court to annul the judgments pursuant to La.Code Civ.P. art. 2006 and Article 1, Section 2 of the Louisiana Constitution of 1974.

The State filed peremptory exceptions of no cause of action and prescription, which the trial court granted. Hamilton appeals, asserting two assignments of error:

> (1) The TRIAL COURT ignored [the] case law applicable to its decision to sustain an Exception of No Cause of Action, and
>
> (2) The TRIAL COURT committed error of law in holding prescription applied against an absolutely null and void judgment and did not cite any authority supporting that position or any article or statute concerning prescription does not run against an absolutely null and void judgment.

**Discussion**

Mr. Hamilton claims that the trial court erred in sustaining the State's exceptions of no cause of action and prescription. Regarding the exception of no cause of action, Mr. Hamilton argues that his petition stated possible hypotheses for recovery, namely, that the State's forfeiture proceedings ran afoul of the proper statutory protocol and were the result of "fraud and ill practices." Therefore, he contends, the judgments obtained in this manner are capable of being annulled under La.Code Civ.P. art. 2006. Mr. Hamilton also asserts that the trial court erred in finding that prescription accrued against absolutely null judgments of forfeiture. He

claims that because no default judgment was ever entered against the owners of forfeited property, the judgments are null and are therefore not subject to the general rules regarding liberative prescription.

*Exception of No Cause of Action*

Appellate courts are to employ a *de novo* standard in their review of a trial court's decision sustaining an exception of no cause of action. *Industrial Companies, Inc., v. Durbin*, 02-0665 (La. 1/28/03), 837 So.2d 1207. *De novo* review is appropriate because exceptions of no cause of action involve questions of law, and the trial court's determination is based solely on its examination of the face of the petition. *Durbin*, 837 So.2d 1207.

The Louisiana Supreme Court discussed the peremptory exception of no cause of action at length in its recent opinion in *Durbin*, 837 So.2d 1207. The purpose of this exception, the supreme court noted, is to inquire after the legal remedies afforded a particular petitioner against a defendant based on the factual allegations enumerated in the petition. *Id*. The court further explained that this particular exception is designed to test the legal sufficiency of the petition. *Id.*, *citing Fink v. Bryant*, 2001-0987 (La. 11/29/01), 801 So.3d 346. In *Harp v. Pine Bluff Sand and Gravel Co.*, 98-1634, p. 4 (La.App. 3 Cir. 11/24/99), 750 So.2d 226, 229, a panel of this court, citing the supreme court's decision in *Trahan v. Liberty Mutual Insurance Co.*, 314 So.2d 350 (La.1975), defined a cause of action as "an act by a Defendant which gives a Plaintiff a right to invoke a judicial interference on his behalf."

Mr. Hamilton contends on appeal that the trial court erred in sustaining the exception of no cause of action because the judge ignored the jurisprudence relevant to such exceptions. Mr. Hamilton's assignment of error concerns the trial court's having sustained the exception in spite of the jurisprudential requirement, set forth in

*Darville v. Texaco*, 447 So.2d 473 (La.1984) and *Stanley v. Missouri Pacific Railroad Company*, 179 So.2d 490 (La.App. 3 Cir. 1965), *inter alia*, that an exception of no cause of action must be denied if the underlying petition states a cause of action. Mr. Hamilton claims that his petition listed at least five viable theories of recovery, all of which are under the umbrella of his argument that the judgments of forfeiture obtained were absolutely null. These five theories are as follows: (1) he was never served with a petition for forfeiture in a manner authorized by law; (2) no judgment of default was ever entered; (3) all proceedings regarding the forfeiture were conducted *in camera* and not in open court; (4) each proceeding was characterized by a "total lack of due process;" and (5) no forensic evidence was offered.

Louisiana Revised Statutes 40:2601, *et seq.* pertain to judicial forfeiture proceedings under the Controlled Dangerous Substances Property Forfeiture Act of 1989. The instant matter on appeal involves in rem forfeiture proceedings in particular. Because Mr. Hamilton claims that proper procedure was not followed, we begin with the Code of Civil Procedure, and, from there, we turn to the relevant provisions of La.R.S. 40:2601, *et seq*.

The Louisiana Code of Civil Procedure describes the types of proceedings that are available in Louisiana courts and also dictates the appropriate procedure for each proceeding. Louisiana Code of Civil Procedure art. 851 states, in pertinent part, that "[t]he articles in [Book II] govern ordinary proceedings, which are to be used in the district courts in all cases, *except as otherwise provided by law*" (emphasis added).

The Controlled Dangerous Substance Property Forfeiture Act of 1989, La.R.S. 40:2601, *et seq*., is an example of legislation in which a special procedure preempts the normal procedural law, as contemplated by La.Code Civ.P. art. 851. Louisiana Revised Statutes 40:2611(K) details the proper procedural law to be followed in cases

of forfeitures obtained pursuant to the Act. The pertinent provision of La.R.S. 40:2611(K) states, "*Except as otherwise provided by this Chapter*, all proceedings hereunder shall be governed by the provisions of the Louisiana Code of Civil Procedure . . . ." (Emphasis added.) This passage indicates to us that the CDS Property Forfeiture Act contains its own procedural guidelines that, where so provided, are to be used in lieu of the provisions of the Code of Civil Procedure.

The proper procedure for forfeitures under the Act is more specifically outlined in the excerpted statutory material that follows. Louisiana Revised Statutes 40:2068 provides guidelines for the initiation of forfeiture proceedings:

> Forfeiture proceedings shall be commenced as follows:
>
> (1)(a) When the district attorney intends to forfeit property, pursuant to the provisions of this Chapter, he shall provide the owner and interest holder with a written assertion within forty-five days after actual or constructive seizure . . . .

Louisiana Revised Statutes 40:2612 addresses in rem proceedings under the CDS Property Forfeiture Act. The pertinent provisions have been reproduced below:

> A. A judicial in rem forfeiture proceeding brought by the district attorney pursuant to a Notice of Pending Forfeiture or verified petition for forfeiture is subject to the provisions of this Chapter. If authorized by law, a forfeiture shall be ordered by the court in the in rem action.
>
> B. An action in rem may be brought by the district attorney in addition to, or in lieu of, civil in personam forfeiture procedures. The state may serve the petition in the manner provided by Paragraph (3) of Section 2608 of this Chapter.

Service of an in rem petition under the CDS Property Forfeiture Act is governed by La.R.S. 40:2608(3), which provides, in pertinent part,

> (3) Whenever Notice of Pending Forfeiture or service of an in rem petition is required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:

> (a) If the owner's or interest holder's name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.

Section 4 of La.R.S. 40:2608 specifies when notice is effective under the CDS Property Forfeiture Act as follows:

> (4) Notice is effective upon personal service, publication, or the mailing of a written notice, whichever is earlier, and shall include a description of the property, the date and place of seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action.

In our *de novo* review of Mr. Hamilton's original petition, we find that it does not state a cause of action. Mr. Hamilton alleges that the State obtained certain judgments of forfeiture without following proper procedure, and, as a result, these judgments are null. Mr. Hamilton reads La.R.S. 40:2601, *et seq*. as requiring that the rules applicable to ordinary proceedings, such as those pertaining to service of process and to default judgments, apply to forfeiture proceedings under the CDS Property Forfeiture Act. This interpretation is incorrect. Louisiana Revised Statutes 40:2601, *et seq*. sets forth a special procedure for judgments of forfeiture, as stated in La.R.S. 40:2611(K). The rules pertaining to ordinary proceedings are thereby inapplicable.

As the in rem procedure of La.R.S. 40:2601, *et seq*. is the only procedure outlined in the statutory law for judgments of forfeiture pursuant to the CDS Property Forfeiture Act of 1989, Mr. Hamilton's contention that a different standard applies is incorrect, and it fails to state a cause of action.

Regarding the claims of the other ninety-six potential class members, we observe that the "summaries" attached to Mr. Hamilton's petition do not form a sufficient factual basis for a petition. Louisiana law requires fact-based pleadings; the pleading at issue is insufficient in this respect. As the Louisiana Supreme Court has said, an exception of no cause of action is "triable on the face of the petition."

*Durbin*, 837 So.2d 1207, *citing Cleco Corp. v. Johnson*, 2001-0175 (La. 9/18/01), 795 So.2d 302; *Fink*, 801 So.2d 346. We are unable to find a cause of action on the plaintiff's petition, especially in light of the paucity of facts pleaded in the ninety-six documents attached thereto.

We are mindful that, with respect to exceptions of no cause of action, La.Code Civ.P. art. 934 states as follows: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." However, in the instant matter, Mr. Hamilton did not raise an objection to the trial court's not having given him leave to amend his petition so as to state a cause of action. As such, this issue is considered abandoned on appeal.

Moreover, La.Code Civ.P. art. 934 qualifies the allowance for amendments to petitions, stating that "[i]f the grounds of the objection cannot be [removed by amendment]..., the action shall be dismissed." A survey of the relevant jurisprudence reveals that appellate courts have concluded that the article does not require a court to give leave to amend a petition if doing so would be futile—*viz.*, if it is apparent that the defect could not be corrected by amendment. *See*, *e.g.*, *Fasullo v. Finley*, 00-2659 (La.App. 4 Cir. 2/21/01), 782 So.2d 76, *writ denied*, 01-696 (La. 5/4/01), 791 So.2d 656; *Wirthman-Tag Const. Co., L.L.C. v. Hotard*, 00-2298 (La.App. 4 Cir. 12/19/01), 804 So.2d 856. In the instant matter on appeal, even if Mr. Hamilton were given leave to amend his petition, such amendment would be futile in light of the nature of his claims and the current statutory procedure for forfeiture under the CDS Property Forfeiture Act.

Because we find that Mr. Hamilton's petition fails to state a cause of action, this pretermits discussion of Mr. Hamilton's second assignment of error regarding prescription.

**DECREE**

For the foregoing reasons, the judgment sustaining the State's peremptory exception of no cause of action is affirmed. All costs of this proceeding are assigned to the appellant, Sherwood Alvin Hamilton.

**AFFIRMED.**