990 So.2d 18 (2008)
Robert D. MAGILL, Plaintiff-Appellant
v.
Ted LOWERY, State of Louisiana through the Department of Public Safety and Corrections, Defendant-Appellee.
No. 43,261-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 2008.
*19 Mark D. Frederick, Shreveport, for Appellant.
Louisiana Department of Justice by Mark E. Posey, Assistant Attorney General, Shreveport, for Appellee.
Before BROWN, DREW and MOORE, JJ.
DREW, J.
Robert Magill's defamation suit against Louisiana State Police ("LSP") Captain Ted Lowery and his employer, the State of Louisiana, Louisiana Department of Public Safety and Corrections, was dismissed by the trial court's grant of the following peremptory exceptions:
 prescription as to the allegations found in Paragraph 4(A) through (E) of the petition;
 res judicata as to the allegations found in Paragraph 4(A), (C), and (D) of the petition; and
 no cause of action as to the allegations found in Paragraph 4(F) through (I) of the petition.
The court below also granted a declinatory exception of prematurity, predicated upon the failure of plaintiff to exhaust his administrative remedies before filing his suit.
Being displeased with the trial court's full dismissal of his suit, Magill originally applied to this court for supervisory writs. We converted the writ to an appeal, and docketed it for disposition.
Finding no error below, we affirm in all respects.

FACTS AND PROCEDURAL BACKGROUND
Magill operates a wrecker service in Bossier Parish, Louisiana. He alleges a pattern of harassment by the defendants, culminating on July 7, 2000, when Lowery sent an allegedly defamatory email to the troopers of Troop G, including the following, to which Magill takes umbrage:
Please advise your personnel that if they have the chance to encounter Bobby Magill to approach him with great caution. He has threatened troopers in the past, and actually shot a citizen who was taking down his confederate flag, so nothing can be taken for granted.
Suit was filed on July 6, 2001and there it lay.[1] The defendant filed various peremptory exceptions on July 18, 2007, over six years later. Hearing was had and rulings made on August 6, 2007. A judgment was signed two days later.

DISCUSSION

Lowery's Testimony at the Hearing
Magill correctly argues that no evidence is admissible relative to the exception of no cause of action. See La. C.C.P. art. 931.
All four of these exceptions were consolidated for hearing. Lowery's testimony *20 strictly related to the administrative remedies readily available to Magill relative to a complaint about the conduct of any employee of the department. His testimony had nothing to do with the exception of no cause of action. In any event, no contemporaneous objection was made in opposition to Lowery's taking the stand.
Lowery's testimony effectively shifted the burden to plaintiff (relative to the exception of prematurity), requiring him to demonstrate that he exhausted administrative remedies. Plaintiff did not testify, nor did he call any witnesses by which to dispute his failure to exhaust his administrative remedies. In fact, he did not appear at the hearing.
A fair reading of the testimony elicited from Lowery, a total of four pages on direct, as well as the trial court's ruling, clearly reflects that this evidence was neither elicited nor considered concerning the exception of no cause of action against allegations in Paragraph 4(F) through (I).

Amendment after Sustaining Exception of No Cause of Action
Normally, a plaintiff is allowed to amend his pleadings after an adverse ruling on the peremptory exception of no cause of action. See La. C.C.P. art. 934.
We have recently ruled that the trial court has discretion to decide whether an amended pleading could cure the deficiency. Downs v. Hammett Properties, Inc., 39,568 (La.App. 2d Cir.4/6/05), 899 So.2d 792.
The no cause of action exception was sustained relative to allegations listed in four of the subparagraphs of Paragraph 4:
 Subparagraph F recites that on July 7, 2000, he (Magill) was alleged to have threatened Trooper Mott, which Magill denies;
 Subparagraph G references the email (discussed elsewhere in this opinion) transmitted strictly to personnel of Troop G by Captain Lowery, on that same day, and which transmission is protected by privilege or justification relative to Lowery's official capacity as the commander of LSP Troop G;
 Subparagraph H refers to plaintiff having his driving privileges reinstated on July 10, 2000; and
 Subparagraph I states that his driving privileges were again suspended on October 7, 2000, for failure to pay a civil penalty "upon belief in relation to the July 2000 suspension for no insurance that was unfounded."
Nothing in the allegations of subparagraphs F, H, or I reflects any possible exposure for any person. There is nothing in this record to persuade us that the plaintiff would have been able to cure these stricken allegations. Crucially, he never formally asked the trial court for leave to amend his pleadings. This has been held to result, in at least one of our other circuits, that the issue on appeal has been abandoned.[2] We find no abuse of discretion on this issue.

*21 Privilege or Justification

Magill urges that defendants should have been precluded from asserting the affirmative defense of privilege, owing to a failure to plead the defense in their answer. This is a disingenuous exercise in semantics.
The issue was squarely before the learned trial court because of this language from answer filed by defendants:
FURTHER ANSWERING, defendants affirmatively allege that justification existed for all of their official actions affecting plaintiff.
Defendant Louisiana Department of Public Safety and Corrections, through the Louisiana State Police, regulates towing businesses in the state of Louisiana. La. R.S. 32:1714. Lowery, as the commander of Troop G, was responsible for keeping his officers safe, and he attempted to do so by communicating this email warning to all of his troopers. Clearly Magill had been belligerent and uncooperative with other troopers in the days and weeks preceding the email. On at least two prior occasions, Magill threatened troopers. One prior disturbance resulted in administrative punishment being assessed against Magill, after approval by this court.
Lowery's intra-departmental warning email was appropriate, even if one of the allegations was apparently mistaken. Lowery had an obligation to take immediate action to communicate with the troop, owing to the escalation of incidents between Magill and officers of Troop G, including Troopers Merritt, Mott, and Bridges.
Lowery issued no news release and gave no quotes to the media. There was no publication here, because the only communication was to the troopers that Lowery was charged with protecting. Without publication, plaintiff's case for defamation must fall.

Prescription/Res Judicata
As Magill's allegations in Paragraph 4(A), (C), and (D) had been fully litigated prior to the filing of this lawsuit, dismissal was proper on that basis.
All events outlined in Paragraph 4(A) through (E) occurred between 1994 and 1999. As this tort suit was not filed until July 6, 2001, the exception of prescription as to all five of these allegations was good as gold. These five claims [Paragraph 4(A) through (E)] had prescribed long before he filed this suit.

CONCLUSION
We find the trial court's complete dismissal of this suit to be entirely appropriate and justified. We affirm.

DECREE
At the cost of plaintiff-appellant, the ruling of the trial court is AFFIRMED.
NOTES
[1] The delays caused by the horrific hurricanes of 2005 are acknowledged.
[2] In State v. Hamilton, XXXX-XXXX, pp. 8-9 (La.App. 3d Cir. 11/5/03), 858 So.2d 822, 827, the court said:

We are mindful that, with respect to exceptions of no cause of action, La.Code Civ.P. art. 934 states as follows: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." However, in the instant matter, Mr. Hamilton did not raise an objection to the trial court's not having given him leave to amend his petition so as to state a cause of action. As such, this issue is considered abandoned on appeal.
Moreover, La.Code Civ.P. art. 934 qualifies the allowance for amendments to petitions, stating that "[i]f the grounds of the objection cannot be [removed by amendment] ..., the action shall be dismissed." A survey of the relevant jurisprudence reveals that appellate courts have concluded that the article does not require a court to give leave to amend a petition if doing so would be futile-viz., if it is apparent that the defect could not be corrected by amendment. See, e.g., Fasullo v. Finley, 00-2659 (La.App. 4 Cir. 2/21/01), 782 So.2d 76, writ denied, 01-696 (La.5/4/01), 791 So.2d 656; Wirthman-Tag Const. Co., L.L.C. v. Hotard, 00-2298 (La.App. 4 Cir. 12/19/01), 804 So.2d 856.